## NELSON v. JONES et al.

No. 14266—Opinion Filed Oct. 23, 1923.

1. **Sales — Innocent Purchasers — Exchange for Stolen Property.**

One who voluntarily parts with possession and title to his horse in exchange for a horse subsequently discovered to have been stolen cannot recover possession thereof from a bona fide purchaser from the thief to whom he traded it, in view of the rule that where one of two innocent purchasers must suffer by the fraud of a third, he who has put it in the power of the third to commit the fraud must suffer.

2. **Same — Replevin — Direction of Verdict.**

In an action in replevin, when it is shown that the plaintiff voluntarily parted with the title and possession of the property involved in consideration for other property subsequently discovered to be stolen property, and it is conclusively shown that the defendant purchased the property in good faith, without knowledge of fraud or acts imputing notice sufficient to put the defendant on inquiry as to the fraud of the vendor, and such evidence is uncontradicted, it is not error for the court to direct a verdict for the defendant.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by A. F. Nelson against Lindsay Jones and A. L. Hall. Judgment for defendants. Plaintiff brings error. Affirmed.

Bowling & Farmer, for plaintiff in error.

Blanton, Osborn & Curtis, for defendants in error.

Opinion by DICKSON, C. Some time prior to the 9th day of April, 1920, a horse was stolen from a man by the name of Bud Powell, and on the 9th day of April, 1920, this stolen horse was traded to the plaintiff in error for another horse. It is conceded that this trade, in so far as the plaintiff in error was concerned, was made in good faith, that he voluntarily parted with the possession of the horse intending to transfer to the person traded with a good title. On the 8th day of May, 1920, a young man going by the name of Morrow

sold the horse which had been obtained from the plaintiff in error in the trade referred to, to the defendant in error, A. L. Hall. It is undisputed that in this transaction the defendant Hall acted in good faith, paid full value for the animal, and that there was nothing in the circumstances surrounding the purchase that would in any way tend to impart to the defendant notice of any fraud in the acquisition of said animal by the vendor. The defendant in error, A. L. Hall, in turn sold the animal to the defendant in error, Lindsay Jones. Later on Bud Powell recovered possession of the stolen horse from the plaintiff in error. The plaintiff in error thereupon brought replevin against the defendants in error for the animal he had traded for the stolen horse.

The case was tried on the 11th day of October, 1922, in the district court of Garvin county, and at the close of the evidence the court instructed the jury to return a verdict for the defendants, which being done, judgment was rendered accordingly.

The plaintiff filed a motion for a new trial, which being overruled and excepted to, he has perfected his appeal and brings the case here, and relies for a reversal upon the assignment, "That the court erred in instructing the jury to return a verdict for the defendants."

It is conceded that the plaintiff in error was induced to part with the title and possession of the horse in question by reason of the fraudulent representations of the person traded with, and when he established these facts in the trial the burden was upon the defendant Hall to show that he acquired this property honestly and in good faith, and without knowledge of fraud or acts imputing notice. Ditton v. Purcell, 21 N. D. 648, 132 N. W. 347, 36 L. R. A. (N. S.) 149. The defendant Hall upon the trial having proven that he purchased the animal and paid full value for it without any knowledge of any fraudulent transaction on the part of the vendor, that he paid the purchase price in checks, which were afterward cashed by the vendor, that he never met the vendor until the date of the purchase, and there being no evidence on the part of the plaintiff to contradict this testimony or even cast a suspicion upon the transaction, the court, in our judgment, was right in directing a verdict for the defendant.

In a recent case decided by the Supreme Court of Washington, Linn v. Reid, 196 Pac. 13, it is said:

"One who voluntarily parted with possession of and title to his automobile in exchange for an automobile subsequently discovered to have been stolen cannot recover possession thereof from a bona fide purchaser from the thieves to whom he traded it, in view of the rule that where one of two innocent persons must suffer by the fraud of a third he, who has put it in th power of the third to commit the fraud, must suffer."

"When one of two innocent persons must suffer by the acts of a third, the one who enables the third person to occasion the loss must sustain it, and what one induces another to regard as true is the truth between them if the other has been misled thereby." Magnolia Petroleum Co. et al. v. Saylor et al., 72 Oklahoma, 180 Pac. 861.

"The protection of a purchaser of goods from a fraudulent vendee is based upon, and he is recognized as a bona fide purchaser upon, the ground, only, that the fraudulent purchaser has a voidable or defeasible title, which, before its annulment by the vendor, the defrauding purchaser can transmit to a bona fide purchaser who is without knowledge, or notice of the fraud, and who has parted with value therefor." Browning et al. v. De Ford, 8 Okla. 239, 60 Pac. 534.

The defendants in this case having established by competent evidence the three essential elements constituting a bona fide purchase of the animal in question, a valuable consideration, absence of notice, and the presence of good faith, and there being no evidence on the part of the plaintiff tending to contradict the defendants' evidence, the trial court was right in directing the verdict.

"It is not error to give peremptory instruction, when the evidence in favor of one of the parties is uncontradicted." Smoot & Abbott v. W. L. Moody & Co., 34 Okla. 522, 125 Pac. 1134.

The court may withdraw a case from the jury and direct a verdict where the evidence is undisputed or is of such conclusive character that a court, in exercise of a sound judicial discretion, would be compelled to set a verdict aside in opposition to it. Neely v. Southwestern Cotton Seed Oil Co., 13 Okla. 356, 75 Pac. 537; Sartain v. Walker et al., 60 Okla. 258, 159 Pac. 1096.

We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.