No. 29,473.

T. E. NOLAN, *Appellee,* v. FRED ROBERTSON, *Appellant*
(FRED ROBERTSON et al., *Defendants*).

(291 Pac. 750.)

Opinion filed
October 11, 1930.

*Walter F. Jones,* of Hutchinson, for the appellant.
*Martin Aelmore,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to rescind a sale of shares of stock of the Great American Life Insurance Company. The appeal is from an order granting a temporary injunction against transfer of the shares on the books of the company to an assignee of the purchaser.

The petition alleged that plaintiff was induced by fraudulent representations to trade the shares to Elmer F. Bagley & Company; that he assigned the certificates in blank and delivered them to Bagley & Company; that the name of defendant Robertson was inserted in the blank assignment as assignee; and that Robertson requested the insurance company to make proper transfer of the shares to him on the books of the insurance company. The assignments contained the usual power of attorney to effect transfer. Robertson was made a party defendant, and the petition alleged he was privy to the fraud. At the hearing Robertson filed an affidavit stating that Bagley & Company were stock brokers; that Robertson purchased the shares on the open market in the usual course of business, for the sum of $1,600, which he paid in cash; and that after the certificates were delivered to him he inserted

his name as assignee in the assignments, and forwarded the certificates to the insurance company for transfer and issuance of new certificates. In the affidavit Robertson denied any knowledge of or participation in the alleged fraud. In granting the injunction the court said:

"Defendant bases most of his argument on the proposition that corporate stock is clothed with the same immunity as negotiable instruments when in the hands of *bona fide* purchasers for value and without notice, but such is not the law in Kansas, and the purchaser takes the stock subject to the same defense as the seller."

Robertson makes no contention the certificates of stock were negotiable instruments. He does contend his ownership of the shares in controversy is not subject to the claim of fraud made by plaintiff against Bagley & Company.

Plaintiff was trading his shares of insurance company stock for shares of Bagley & Company stock. To effectuate the trade he assigned the certificates in the usual way and delivered them to Bagley & Company. If the assignment and delivery were procured by fraud, they were not void. They were merely voidable in case plaintiff should make up his mind to avoid them. The result was, plaintiff clothed Bagley & Company with all the indicia of title, and under commercial usage relating to stock transfers, clothed Bagley & Company with power to invest purchasers from Bagley & Company with title. If such a purchaser should be a purchaser in good faith, for value, without notice of the fraud, the law protects him and leaves plaintiff to his remedy against the wrongdoer. The basis of this doctrine is well stated in the case of *National Safe Deposit Co. v. Hibbs*, 229 U. S. 391. Many authorities in support of the doctrine are collated in the case of *Powers v. Pacific Diesel Engine Co.*, 206 Cal. 334. There is no Kansas decision which expressly or inferentially holds to the contrary.

This court is inclined to let the temporary injunction stand until the main case is heard on the merits; but the court declares as a matter of law that the ground for injunction stated by the district court was untenable.