**SIMS et al. v. PARKER et al.**

No. 20401. Opinion Filed April 19, 1932.

Clayton Carter, for plaintiffs in error.

Twyford & Smith, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Kiowa county. The plaintiffs in error, as plaintiffs, instituted a suit against the defendants in error, as defendants, praying for the cancellation of an oil and gas lease and an oil and gas grant held by the defendants on the land belonging to the plaintiffs.

The plaintiffs alleged in their petition, in substance, that Walter Darby and Russel Darby made oral representations to the plaintiff William P. Sims that they were subagents of some undisclosed agent, securing a block of acreage of oil and gas leases for the Marland Refining Company, the Empire Oil Company, the Texas Oil Company, the Magnolia Oil Company, and the Gypsy Oil Company; that upon such representations, the plaintiffs executed a certain oil and gas lease and a gas grant or mineral deed upon the lands of the plaintiff; that the name of the grantee and lessee was left blank upon the representation of the Darbys that the oil companies had not reached an agreement as to the division of the acreage, and that the names would be inserted at a later date; that the representations so made were false and untrue, and that the Darbys were representing a partnership known as Lamb & McCullough

of Anadarko, who had no connection with the companies named.

The defendants denied that any misrepresentations were made by them or by any one representing them, and they pleaded that they were innocent purchasers for value, without notice.

The record discloses that the plaintiffs attached the lease and oil grant to a draft for $240, drawn on Lamb & McCullough of Anadarko, to be delivered upon the payment of the draft; that the defendant M. J. Reinhart, of Oklahoma City, purchased the same, paid off the draft, and received the lease and deed; that his name was inserted in the instruments by Lamb & McCullough prior to their delivery to him, and that the instruments were placed of record by him.

The cause was tried to the court. At the conclusion of the plaintiff's' evidence, the defendants demurred thereto. The trial court sustained that demurrer, and the plaintiffs appealed to this court.

It is contended by the plaintiffs that the instruments were null and void for the reason that they were executed without a grantee and lessee being named therein. In 1 R. C. L., sec. 58, 1022, it is said:

"Where a person executes an instrument containing blanks and entrusts it to a third person with power, express or implied, to fill the blanks in a certain manner, and such third person exceeds his authority in filling them, it is well settled that a bona fide holder will be protected, and the instrument is enforceable in his hands."

The same rule is stated in 2 C. J., page 1252, and it is therein said:

"It does not matter that the party taking such instrument has knowledge of the mere fact that it was executed in blank, so long as there is nothing to put him on notice that the authority thereby conferred is restricted or has been violated."

In Sanders v. Kirk, 140 Okla. 26, 282 P. 145, this court held:

"A deed in which the name of a grantee is left blank, and otherwise lawfully executed, will vest title in a person whose name is subsequently inserted therein by one having authority from the grantor to do so; but where the agent inserts the name of the grantee and delivers the deed, without authority, to a purchaser who has knowledge of the facts, or of circumstances sufficient to put him upon inquiry, such deed is voidable as between the grantor and such purchaser."

See, also, Noe v. Smith, 67 Okla. 211, 169 P. 1108; Friend v. Yahr, 126 Wis. 291, 1 L. R. A. (N. S.) 891; Montgomery v. Dresher

(Neb.) 134 N. W. 251; Hall v. Kary (Ia.) 110 N. W. 930; Garland v. Wells (Neb.) 18 N. W. 132; Hallwill v. Weible (Colo.) 171 P. 372, and 2 C. J. 1250. Under the rule stated therein the trial court did not err in holding that the instruments were not void.

The plaintiffs executed the instruments in blank with knowledge that the names of the grantee and lessee were to be inserted after their delivery. If there was not express authority, there was at least implied authority for the insertion of the name of a grantee and lessee therein. The fact that the name of a lessee different from that stated by the Darbys was inserted does not invalidate the instruments in the hands of an innocent purchaser for value, without notice.

The plaintiffs contend that they should have been permitted to introduce proof as to the false representations made by the Darbys, though such false representations were not made in the presence of or with the knowledge of the defendants. There was no error in sustaining an objection to that testimony.

The plaintiffs contend that the trial court erred in sustaining a demurrer to the plaintiffs' evidence. We do not think so. There is nothing in the record showing or tending to show that the defendants were not innocent purchasers for value, without notice of any limitation on the authority of the agents of the plaintiffs, and their testimony shows that they were. There is nothing in the record to show that the defendants or either of them had any knowledge of any false representations made by the Darbys. There is nothing in the record to show that the Darbys were the agents of the defendants.

The plaintiffs failed to make a case and the trial court committed no error in sustaining the demurrer to the evidence. For that reason the judgment of the trial court is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.