## MORRIS v. PACKARD DALLAS CO. et al.

No. 28395.   Jan. 10, 1939.

Rehearing Denied Jan. 31, 1939.

Harry Stephenson, Clem Stephenson, and Thos. H. Owen, for plaintiff in error.

Tomerlin, Chandler, Shelton & Fowler and John W. Swinford, for defendants in error.

PER CURIAM. This appeal is from a judgment which applied the equity maxim that where as between two innocent parties, one must suffer on account of a wrong perpetrated by a third person, the loss will be placed on him whose acts made the wrong possible.

The essential facts which gave rise to the present controversy are not in dispute. The plaintiff in error was the owner of a nonnegotiable registered, series "A" note No. AR-1664 of the Oklahoma Natural Gas Company, which note had a face value of $1,500. On September 5, 1935, the plaintiff in error sold the above-mentioned note, together with ten shares of the preferred stock of Oklahoma Natural Gas Company, to one Ted Williams for the agreed sum of $1,850, and accepted therefor a check drawn on a fictitious company in New York, and in consummation of the transaction endorsed the note in blank, executed a blank power of attorney and delivered both papers to the said Ted Williams. The following day the said Ted Williams attempted, through a broker at Tulsa, Okla., to sell the note to the Oklahoma Natural Gas Company, but due to objections raised by one of its officers to the form of the power of attorney, this effort was unsuccessful. The papers, together with a regular form of assignment, were returned by the broker to the said Ted Williams. In meantime, the plaintiff in error learned that a fraud had been perpetrated upon him by his vendee, and he immediately notified the Oklahoma Natural Gas Company not to transfer the note or stock and they placed a stop order on their books. On September 8, or 9, 1935, the said Ted Williams, in company with several other persons, appeared in the sales rooms of the defendant in error, Packard Dallas Company, at Dallas, Tex., and offered to trade the note and stock in on a new automobile. This offer was declined until the advice of a broker could be obtained. Thereupon Ted Williams delivered the note, endorsed in blank, the blank power of attorney and the assignment which he had procured from the Tulsa broker, and on which the name of Charles B. Morris had been forged, to the credit manager of the defendant in error, Packard Dallas Company, and upon statement of the man who accompanied Ted Williams that he was Charles B. Morris the credit manager witnessed the signature upon the forged assignment. The note and stock was then delivered to brokers for valuation and advice regarding their acceptance. The brokers called their Tulsa office, and on September 11, 1935, advised the defendant in error, Packard Dallas Company, to accept the note and stock and to allow therefor the sum of $1,129. Thereupon the trade was completed and the note and stock accepted by the defendant in error, Packard Dallas Company, and delivered by it to its broker to be converted into money. The assignment which was forged required the guarantee of a bank that the signature thereon was genuine, and at the request of an employee in the broker's Tulsa office, this guarantee was given by the National Bank of Tulsa. The brokers then presented the note to the transfer agent of Oklahoma Natural Gas Company and a transfer was refused on account of the stop order which plaintiff in error had theretofore placed against said instrument. Thereafter, on June 24, 1936, the defendant in error, Packard Dallas Company, presented the note and a photostatic copy of the power of attorney which plaintiff in error had executed to the transfer agents of the Oklahoma Natural Gas Company, and again demanded a transfer of said note be shown on its books, and when this demand was refused brought this suit to compel the Oklahoma Natural Gas Company to make such transfer and to bar any claims that the plaintiff in error might have to said note.

The Oklahoma Natural Gas Company by its answer assumed the position of a stakeholder and averred its willingness to be guided by the directions of the court in the premises. Plaintiff in error filed an answer wherein he denied that he had ever executed any instrument which had conveyed title to the defendant in error, Packard Dallas Company, or to anyone else, and asked that he be decreed to be the owner of the note. The defendant in error, Packard Dallas Company, filed a reply wherein it alleged that plaintiff in error by his acts had clothed its transferor with indicia of title to the note, and that it

had purchased such note in good faith and for value and in reliance upon such apparent title of its transferor, and that the plaintiff in error had by his acts in endorsing and delivering said note, and in executing the power of attorney, estopped himself to deny the validity of the transfer. Upon the issues thus framed the cause was tried. The trial court found that the defendant in error, Packard Dallas Company, was the rightful owner of the note and directed the Oklahoma Natural Gas Company to make the necessary transfer upon its books and enjoined the plaintiff in error from thereafter asserting any further claim to said note. This appeal is from the judgment so rendered and the order which denied a motion for new trial.

The question for decision in the trial court was whether under the facts the rule of equitable estoppel was applicable. Therefore, the cases of First State Bank of Cheyenne v. Barton, 129 Okla. 67, 263 P. 142; Oklahoma State Bank v. First Nat. Bank, 108 Okla. 272, 236 P. 581; Universal Credit Co. v. National Radio Mfg. Co., 174 Okla. 178, 49 P.2d 743, which deal with the rights of makers of nonnegotiable instruments to assert such defenses as they may have thereto even as against bona fide purchasers for value, and cited by the plaintiff in error, are not germane to the issues herein involved. While an exact precedent for the case at bar has not been called to our attention, and research has failed to reveal one, the reports are filled with analogous cases involving stock certificates which have been procured from the true owner under circumstances so similar to those involved as to be practically undistinguishable, and almost without exception they have applied the equitable maxim that where as between two innocent persons one must suffer for a wrong done by another, the loss will be placed upon him whose misplaced confidence has made the wrong possible. See National Safe Deposit & Trust Co. v. Hibbs, 229 U. S. 391, 33 S. Ct. 818, 57 L. Ed. 1241; Russell v. American Bell Tel. Co., 180 Mass. 467, 62 N. E. 751; Baker v. Davie, 211 Mass. 429, 97 N. E. 1094; Jackson v. Peerless Portland Cement Co., 238 Mich. 476, 213 N. W. 863; Nolan v. Robertson, 131 Kan. 333, 291 P. 750; Powers v. Pacific Diesel Engine Co., 206 Cal. 334, 274 P. 512, 73 A. L. R. 1398, and annotations under the A. L. R. citation. This rule was applied and announced by this court in the case of Magnolia Petroleum Co. v. Saylor, 72 Okla. 282, 180 P. 861, in the following language:

"When one of two innocent persons must suffer by the acts of a third, the one who enables the third person to occasion the loss must sustain it and what one induces another to regard as true is the truth between them if the other has been misled thereby."

And to the same effect see Nelson v. Jones, 93 Okla. 85, 219 P. 667.

In the case at bar we have a situation where the record shows that the plaintiff in error by his acts did everything in his power to divest himself of title to the note in question and to place the title thereto in another, and where he now seeks to avoid the consequences of his acts and to place the burden upon one who purchased in reliance upon the apparent ownership thereof by the party who had it in his possession and which apparent ownership had been placed upon him by the plaintiff in error, equity will not permit such action. When the plaintiff in error endorsed the note in blank and executed the power of attorney in blank and delivered the instruments to his vendee, he thereby gave to him an implied authority to do everything necessary to effectuate a complete transfer of title to the note, Sims v. Parker, 156 Okla. 258, 10 P.2d 701, and should not be heard to complain that another has relied upon the authority thus conferred. The action being one of equitable cognizance, we have carefully read and reviewed the entire record and we are of the opinion that the judgment of the trial court conforms to the clear weight of the evidence and is in accordance with the overwhelming weight of authority. Under these circumstances, such judgment should not, and will not, be disturbed by this court.

Judgment affirmed.

OSBORN, C. J., and WELCH, GIBSON, HURST, and DANNER, JJ., concur.