## ADKISSON v. WAITMAN.

No. 33490. Dec. 6, 1949.

Rehearing Denied Jan. 10, 1950.

*213 P. 2d 465.*

John Allen Phillips II, of Durant, for plaintiff in error.

Roy Paul and Alan B. McPheron, both of Durant, for defendant in error.

GIBSON, J. This action was commenced by Jim Waitman, plaintiff, against Cliff Keirsey, sheriff of Bryan county, Okla., to recover an automobile. L. J. Adkisson intervened, and since the case is one to determine the right of possession of property between Jim Waitman and L. J. Adkisson, they will be referred to hereafter, respectively, as plaintiff and defendant.

At the conclusion of the evidence plaintiff moved for directed verdict and the trial court directed a verdict for the plaintiff, and defendant appeals.

In three allegations of error, argued in the same number of specifications of error in the brief, defendant asserts that the trial court erred as a matter of law in directing a verdict for plaintiff and prays that the judgment be reversed with directions to the trial court to render judgment for defendant.

On the 10th day of October, 1946, the defendant bought a 1939 model Ford coupe through a secondhand car dealer from V. V. Sorrells, at Atoka. At the time of the sale to defendant the automobile bore a 1946 license plate and the certificate of title was in the name of V. V. Sorrells. The certificate of title was not at that time filled in other than the signature of V. V. Sorrells, showing transfer in blank. Defendant took possession of the automobile and the certificate of title and he and his wife moved from Atoka, Okla., to Kentucky, occupying a house there. On the 16th day of January, 1947, Mary Lou Adkisson, in company with a party claiming to be V. V. Sorrells, but who was not in fact V. V. Sorrells, went to the tag agent at Atoka and surrendered the certificate of title to the automobile and received a new certificate of title made out to Mary Lou Adkisson.

On the 20th day of January, 1947, Mary Lou Adkisson took the automobile to Durant, Okla., together with the certificate of title and sold the automobile to the plaintiff, a used car dealer, for $535. The sale occurred about 9 o'clock on the morning of January 20th; at approximately 12 o'clock noon defendant arrived in Durant, found the car on the streets with the keys still in it and, over the protest of plaintiff's son, who was watching the car, drove it away. The sheriff of Bryan county took possession of the car on a warrant charging the defendant with theft, and this action in replevin resulted. Defendant executed a redelivery bond and retained possession of the car.

Defendant testified that Mary Lou Adkisson obtained possession of the certificate of title by taking it from the bedroom dresser drawer of the house occupied by him and his wife in Kentucky; that this was without his knowl-

edge or consent; that the automobile was parked in front of the house in Kentucky, and she drove it away.

There is no conflict in the evidence as to any material fact.

At the time of the trial defendant and Mary Lou Adkisson were divorced. A subpoena was issued to be served on her but she was not found. Defendant testified that he and Mary Lou Adkisson were divorced in March, 1947.

Plaintiff relies upon the rule announced by this and other courts to the effect that when one of two innocent persons must suffer by the acts of a third party, the one who enabled the third person to cause the loss must sustain it. Morris v. Packard Dallas Co., 184 Okla. 277, 86 P. 2d 779; Nelson v. Jones, 93 Okla. 85, 219 P. 667.

The certificate of title to an automobile issued under a motor vehicle code is not a muniment of title which establishes ownership, but is merely intended to protect the public against theft and to facilitate recovery of stolen automobiles and otherwise aid the state in enforcement of its regulation of motor vehicles. Taplinger v. Northwestern National Bank in Philadelphia, 101 Fed. 2d 274; Parrott v. Gulick, 145 Okla. 129, 292 P. 48; Lepley v. State, 69 Okla. Cr. 379, 103 P. 2d 568, and Dennis v. Bank of American National Trust & Savings Association, 34 Cal. App. 2d 618, 94 P. 2d 51.

The defendant did not consent to the transfer of the certificate, neither did he deliver the certificate to Mary Lou Adkisson, and when Mary Lou Adkisson obtained possession of the certificate of title without his consent, the mere fact that she was permitted to use the automobile did not constitute a clothing with authority such as to bind the defendant when the transfer was made to the plaintiff without his consent.

In Lockwood Bros. v. Frisco Lumber Co., 22 Okla. 31, 97 P. 562, we held that simply intrusting the possession of chattels to another by the owner is insufficient to estop the owner from setting up title against one to whom a transfer is made. Therein the court stated:

". . . In the language of Mechem on Sales, sec. 154:

" 'It is a fundamental doctrine of the common law, from which all discussion of the question must proceed, that, in general, no one can transfer a better title to a chattel than he himself possesses.'

"Again (section 155):

" 'The universal and fundamental principle of our law of personal property is that no man can be divested of his property without his own consent, and, consequently, that even the honest purchaser under a defective title cannot hold against the true proprietor.' "

In Morris v. Packard Dallas Co., supra, and in each case relied upon by plaintiff, the holding is based on some affirmative act which placed it in the power of the party making the conveyance or transfer to mislead an innocent purchaser. The defendant did not do anything to place it in the power of Mary Lou Adkisson to make a transfer of title to the plaintiff good against the true ownership of the defendant.

The trial court erred in directing a verdict for plaintiff. Since there is no evidence that would justify a retrial, the cause is remanded to the trial court with directions to vacate the judgment for plaintiff and render judgment for defendant.

DAVISON, C. J., and LUTTRELL, HALLEY, and O'NEAL, JJ., concur. WELCH, CORN, and JOHNSON, JJ., dissent.