AL'S AUTO SALES v. MOSKOWITZ et al.

No. 33642.    April 18, 1950.

Rehearing Denied Aug. 1, 1950.

Second Petition for Rehearing Denied Dec. 12, 1950.

*224 P. 2d 588.*

R. L. Davidson, Jr., and James G. Davidson, both of Tulsa, for plaintiffs in error.

Milsten, Milsten, Johnston & Morehead, of Tulsa, for defendants in error.

Pinkerton & Wills, of Tulsa for intervener.

JOHNSON, J. The parties herein occupy the same relative positions as in the trial court, and hereafter they will be referred to as plaintiffs, defendants and intervener.

The record discloses substantially as follows: In December, 1946, Al Goldstein and his uncle, Sam Goldstein, were operating an auto sales lot and used car business as a partnership under the firm name of Al's Auto Sales, in the city of St. Louis, Missouri. On December 17, 1946, plaintiffs purchased a used 1946 Plymouth four-door sedan, motor number P15-64307, from Arthur S. Pfeiffer, of Lemay, Missouri, for the sum of $1,900. The following day the plaintiffs sold the Plymouth sedan, together with a Chevrolet panel truck (not involved in this action) to one Charles E. Cross, a used car dealer of Tulsa, Oklahoma, d/b/a Cross Motor Company, for the total combined purchase price of $3,690, of which amount $1,950 represented the purchase price of the Plymouth sedan. On December 18, 1946, Charles E. Cross signed a check or draft payable to Al's Auto Sales, drawn on the Merchants & Farmers State Bank of Tulsa, Oklahoma, in the sum of $3,690 in payment for said two automobiles. The draft was presented for payment and was protested and dishonored on January 4, 1947. At the time of the sale by plaintiffs to defendant Cross Motor Company the plaintiffs retained the certificate of title to the Plymouth car and attached the certificate of title, duly assigned, to the draft, which was forwarded for presentment and payment with instructions to the bank that when the draft was paid the certificate of title would become the property of Edward Cross or Cross Motor Company. On December 23 or 24, 1946, the defendant Frank Moskowitz purchased from the Cross Motor Company the Plymouth car in question, taking from the dealer at the time of delivery of said automobile a bill of sale reciting a consideration of $10 and other valuable considerations, said bill of sale being signed by C. E. Cross and Frank Moskowitz, and sworn to by each of them before a notary public on the 24th day of December, 1946. Defendant Moskowitz paid $2,085 for the car. At the time of the purchase and delivery of the Plymouth automobile to defendant by the Cross Motor Company, the company did not deliver unto the defendant an assigned certificate of title to the said car, but stated through Mr. Cross that: "He would get the license and title and bring them up in a few days; that it took time." Defendant Moskowitz accepted delivery of the car under these circumstances, and up to the time of the trial had not received a certificate of title to the car.

On December 24, 1946, the defendant executed a note in the sum of $624 to the National Bank of Commerce of

Tulsa, Oklahoma, and gave said bank for security therefor a mortgage on the said Plymouth automobile. This note was paid by defendant Frank Moskowitz, all except $105, for which on June 3, 1947, the defendant executed and delivered his promissory note to the National Bank of Commerce and executed a new chattel mortgage upon said Plymouth automobile.

On or about January 8, 1947, the $3,-690 draft, with certificates of title attached, was returned to the plaintiffs, protested, dishonored and unpaid. Thereafter, the plaintiffs came to Tulsa, Oklahoma, from St. Louis, Missouri, in an effort to locate the automobiles and discovered that the panel truck had been sent to Fort Worth, Texas, and that the defendant Cross Motor Company had sold the Plymouth sedan to the defendant Frank Moskowitz. Demand was made upon defendant Frank Moskowitz to deliver possession of said Plymouth sedan, which he refused to do. Shortly thereafter, the plaintiffs, Al Goldstein and Sam Goldstein, as partners doing business under the name of Al's Auto Sales, brought this action in replevin to recover possession of the Plymouth sedan, or its value in lieu thereof.

The defendant Frank Moskowitz filed an amended answer generally denying the allegations of the plaintiffs' petition and pleading that he was an innocent purchaser for value, without notice, and as an affirmative defense an equitable estoppel against the plaintiffs, to which plaintiffs replied by generally denying the allegations of the answer. Prior to the trial, and on April 8, 1947, the plaintiffs dismissed without prejudice as to the defendant Charles E. Cross or Cross Motor Company, and on September 11, 1947, the National Bank of Commerce of Tulsa, Oklahoma, by leave of court, intervened, alleging they were the holders of a note and mortgage on said car executed by the said defendant Frank Moskowitz, which was in default, and that said intervener was then entitled to the possession of the said automobile by reason of its mortgage lien. At the trial of this cause intervener stipulated that the rights of intervener depended on the title of defendant Frank Moskowitz. On the trial of said cause plaintiffs introduced in evidence their certificate of title to said Plymouth sedan issued by the State of Missouri, asserting that they had never parted with the certificate of title; that the draft given in payment of the purchase price was never paid, and asserted that they at all times owned the said automobile. Upon this statement plaintiffs rested.

Defendant interposed a demurrer to the evidence, which was overruled by the court. The plaintiff objected to the introduction of any testimony on behalf of the defendant for the reason and on the ground that the contract between the defendant Cross Motor Company and the defendant Moskowitz was unlawful, illegal and void, and that the defendant Moskowitz could not, in contemplation of law, be considered an innocent purchaser for value without notice, which objection was overruled by the court and exception allowed. The defendant thereupon introduced testimony which substantially disclosed the facts as already stated and rested; whereupon the plaintiffs moved the court to direct the jury to return a verdict in favor of plaintiffs, which motion was overruled by the court. Plaintiffs excepted, and exception was allowed. Thereupon, the defendant Frank Moskowitz and the intervener, National Bank of Commerce, each moved for a directed verdict, and said motions were by the court sustained, and the jury was instructed to return a verdict for the defendant and the intervener. The court rendered judgment in said cause upon the verdict of the jury on November 13, 1947. Thereafter, plaintiffs filed a motion for a new trial, which was overruled, exception taken and allowed. Notice of intention to appeal was given by the plaintiffs in open court. Plaintiffs filed a supersedeas bond, superseding the judgment of the court, and now prosecute this appeal.

Defendant contends that under the facts in this case, as against the plaintiffs, the rule of equitable estoppel applies. On the other hand, plaintiffs contend that the contract of sale between the defendant Moskowitz and the used car dealer, Cross Motor Company, was unlawful, illegal and void; that defendant Moskowitz was not an innocent purchaser for value, without notice.

It is a general principle, applicable to traffic in personal property, that no one can transfer or confer a better title than he has, unless some principle of estoppel operates to bar a claim under an otherwise better title. The mere possession of chattels, by whatever means acquired, if there is no evidence of property rights therein, or of authority to sell, given by or for the true owner, will not enable the possessor to give a good title. 46 Am. Jur. 620, §458. But the true owner may, under some circumstances, be estopped to claim against a bona fide purchaser for value. 19 Am. Jur. 696, §68; 46 Am. Jur. 636, §463; Glass v. Continental Guaranty Corporation, 81 Fla. 687, 88 So. 876, 25 A.L.R. 312.

The mere possession of personal property is only prima facie evidence of title; and a purchaser of personal property from one who has only the possession of the property under an incomplete conditioned sale cannot in general defeat a recovery by the true owner, although such purchaser bought for value and without notice. Glass v. Continental Guaranty Corporation, supra, and cases therein cited.

But where an owner consigns personal property to a dealer in such goods, with express or implied authority to sell, or delivers or consigns to another personal property with indicia of ownership, or of authority to sell, but with title reserved in the owner until the payment of the purchase price, a purchaser who pays value for such goods and gets possession thereof without notice of the terms or conditions of the original delivery, consignment or sale, obtains a good title as against the original owner, which will in general prevail against the latter's reserved title. Glass v. Continental Guaranty Corporation, supra; Bent v. Jerkins, 112 Ala. 485, 20 So. 655; Mechem, Sales, §§157, 166; American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, text 120, 47 So. 942, 16 Ann. Cas. 1054; 46 Am. Jur. 636, sec. 463.

It is contended by plaintiffs that the sale of the automobile in question was illegal and void for failure to comply with the provisions of the Motor Vehicle License and Registration Act, Title 47 O. S. A. §22 et seq., in that no certificate of title was delivered to defendant Cross Motor Company, or by said company to Moskowitz. This contention is untenable. The act does not expressly provide that sales made without complying with the requirements shall be void and a violation of said act does not invalidate the sale or prevent title from passing. McNeil v. Larson, 171 Okla. 608, 43 P. 2d 397, following Parrot v. Gulick, 145 Okla. 129, 292 P. 48.

Plaintiffs, under the facts in this case, cannot recover by reason of the certificate of title; such certificate of title to an automobile issued under a motor vehicle code is not a muniment of title which establishes ownership, but is merely intended to protect the public against theft and to facilitate recovery of stolen automobiles and otherwise aid the state in enforcement of its regulation of motor vehicles. Adkisson v. Waitman, 202 Okla. 213, 213 P. 2d 465, and cases cited therein.

Where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss. American Process Co. v. Florida White Pressed Brick Co., 56 Fla. 116, text 121, 47 So. 942, 16 Ann. Cas. 1054.

In this case the plaintiffs made it possible for the third party, Cross Motor Company, to make the sale to Mos-

kowitz, defendant, without fault on the part of the latter. There was nothing recorded or otherwise to bring to the attention of defendant Moskowitz the true ownership of the automobile. He had no notice, actual or constructive. The dealer was known to plaintiffs to be engaged in buying and selling automobiles, and the car in question was designed to go to the dealer's place of business. There was nothing to indicate to defendant that such dealer had not paid for the car, or that the car was not delivered to the dealer for sale in the Cross Motor Company's well-known business as a dealer. The plaintiffs took no steps to acquaint purchasers from the dealer that such dealer had no right to sell, although they knew of the dealer's selling business, and where, as in this case, the circumstances clearly indicated that the dealer had a right to sell, plaintiff is estopped from claiming title as against a bona fide purchaser for value, from the dealer without actual or constructive notice of the conditions on which the car was delivered to the dealer. Glass v. Continental Guaranty Co., supra; Owen v. Miller, 190 Okla. 205, 122 P. 2d 140.

Affirmed.

DAVISON, C. J., and WELCH, GIBSON, HALLEY, and O'NEAL, JJ., concur. ARNOLD, V. C. J., and CORN and LUTTRELL, JJ., dissent.