RYAN v. SPANIOL et al.

No. 4336.

United States Court of Appeals
Tenth Circuit.

Dec. 31, 1951.

David H. Sanders, Tulsa, Okl. (E. D. Brewer, Tulsa, Okl., on the brief), for appellant.

Paul Washington, Oklahoma City, Okl. (Leo Thompson, Jr., Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

This action' was brought by Charles Ryan,[1] a licensed used car dealer of Kansas City, Missouri, againt P. D. Spaniol[2] and H. B. Hallman, a co-partnership engaged in the same business at Tulsa and Oklahoma City, Oklahoma. The purpose of the action was to recover the amount received for the sale of seven automobiles which the plaintiff had delivered to M. J. Worthington, a registered used car dealer at Ottawa, Kansas. It developed during the trial of the case that the defendant, Hallman, had no interest in the transaction involved. This appeal is from a judgment in favor of the defendant.

Early in August, 1947, Worthington placed an order with Ryan for the purchase of twenty automobiles. Within a few days he delivered nineteen automobiles to Worthington and received four checks in payment therefor. The automobiles with bills of sale therefor were delivered to Worthington in Kansas City, Missouri, where he placed Kansas dealer's plates upon the same and drove them to Kansas. Ryan did not assign, transfer or deliver to Worthington the statutory certificates of title prescribed by the law of Missouri for the reason that such certificates with an assignment had not been delivered to him by the owners from whom he purchased the cars.

Worthington sold the seven cars in question here to Leroy Burkdoll, another registered used car dealer, at Ottawa, Kansas. Burkdoll in turn sold and delivered them to the defendant at Oklahoma City, Oklahoma. There was no transfer and assignment of certificates of title from Worthington to Burkdoll or from Burkdoll to Spaniol. In these sales as in previous transactions between all the parties, when the statutory certificates of title were not immediately available, ordinary bills of sale were delivered with each purchase. All of the sales were completed within two or three days after the automobiles were delivered to Worthington in Kansas City, Missouri. Burkdoll paid Worthington for the automobiles and Spaniol paid Burkdoll. The four checks given by Worthington to Ryan were not paid. This became known to Spaniol some time after he had made the purchase in Tulsa, Oklahoma.

Spaniol, by using the Burkdoll bills of sale, obtained certificates of title to the seven automobiles from the proper Oklahoma authorities. This was permissible under Oklahoma law.[3] He then sold the same to individual purchasers and received a total of $17,350. This action for money had and received was filed on April 28, 1950, to recover the amount received by the defendant from those sales.

■■ The transaction between plaintiff and Worthington took place in Missouri and is therefore governed by the law of that state. Under the law of Missouri it is necessary for the seller of an automobile to deliver to the purchaser with the delivery of the automobile, a certificate of title properly assigned to the purchaser. A failure to deliver such certificate duly assigned renders the transaction fraudulent and void and no title to the car passes.[4]

■■ The sale of the automobiles by Worthington to Burkdoll took place in Kansas, and the validity of that sale must be determined by the law of Kansas. In a Kansas sale to an individual, the law appears to be substantially the same as that of

---

1. Herein called plaintiff or Ryan.

2. Herein called defendant or Spaniol.

3. Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588; McNeil v. Larson, 171 Okl. 608, 43 P.2d 397; Parrott v. Gulick, 145 Okl. 129, 292 P. 48.

4. Wills v. Shepherd, Mo.App., 231 S.W.2d 843; Fowler v. Golden, 240 Mo.App. 627, 212 S.W.2d 93; Pearl v. Interstate Securities Co., 357 Mo. 160, 206 S.W.2d 975; Riss & Co. v. Wallace, 350 Mo. 1208, 171 S.W.2d 641, 151 A.L.R. 512; Perkins v. Bostic, 227 Mo.App. 352, 56 S.W.2d 155; Quinn v. Gehlert, Mo.App., 291 S.W. 138; Securities Inv. Co. v. St. Louis County Automobile Co., 261 S.W. 87.

Missouri.[5] The question of whether a sale of automobiles between registered dealers may be perfected under the Kansas statute without the delivery of a certificate of title has not been decided by the Kansas courts. The trial court was of the view that the Kansas statute did not require the assignment and transfer of a certificate of title in sales between registered dealers. We find it unnecessary to determine this question.

Although an action for money had and received is one at law, it is in the nature of a suit in equity and is governed by equitable principles. It may be maintained when a person has in his possession money belonging to another which in equity and good conscience he ought to pay over to the claimant.[6] The action is founded upon the principle that a person should not be unjustly enriched at the expense of another. It is a well recognized rule in equity jurisprudence that where one of two innocent persons must suffer as the result of an action of a third person, as between the two innocent persons the one who by his conduct and misplaced confidence created the circumstances which enabled the third person to do the wrong, must suffer the loss.[7]

Here Ryan obtained possession of the automobiles in Missouri without obtaining at the time of delivery the certificates of title as required by the law of Missouri. He transferred them by bill of sale to Worthington, an automobile dealer, before he had the necessary certificates of title,

knowing that they were to be sold and delivered to others immediately. Similar transactions had been handled in the same manner over a long period of time. He knew that some of the cars previously sold to Worthington were resold to other dealers in Kansas and Oklahoma including the defendant. At the time of delivery he did everything possible to divest himself of title and by his own acts clothed Worthington with evidence of title and ownership, and made it possible for the automobiles to be sold for a valuable consideration to Burkdoll and then to the defendant in Oklahoma without certificates of title accompanying the sale. The plaintiff set in motion the chain of circumstances which resulted in the defendant's acquiring the automobiles in good faith. Treating the plaintiff and defendant as innocent persons, as between the two, the plaintiff must bear the loss. From what was said in Al's Auto Sales v. Moskowitz, supra, there seems to be little doubt but that the Oklahoma courts would apply the doctrine in this case. There, Al's Auto Sales of Saint Louis, Missouri, sold and delivered an automobile to a dealer in Oklahoma. The Missouri certificate of title was attached to a bank draft to be delivered to the purchaser when the draft was paid. The draft was unpaid and a replevin action was brought in Oklahoma to recover the automobile from a third person who had purchased it from the Oklahoma dealer without the transfer of the original certificate and who obtained only a bill of sale. The court held that the seller was

5. Felts v. Sugg, 167 Kan. 488, 207 P.2d 460; Bankers Investment Co. v. Meeker, 166 Kan. 209, 201 P.2d 117; Sims v. Sugg, 165 Kan. 489, 196 P.2d 191.

6. Stone v. White, 301 U.S. 532, 534, 57 S. Ct. 851, 81 L.Ed. 1265; Atlantic Coast Line R. Co. v. Florida, 295 U.S. 301, 309, 55 S.Ct. 713, 79 L.Ed. 1451; United States v. Jefferson Electric Mfg. Co., 291 U.S. 386, 402, 54 S.Ct. 443, 78 L.Ed. 859; Myers v. Hurley Motor Co., 273 U.S. 18, 24, 47 S.Ct. 277, 71 L.Ed. 515; Cary v. Curtis, 3 How. 236, 246, 44 U.S. 236, 246, 11 L.Ed. 576; Rishel v. Pacific Mut. Life Ins. Co. of California, 10 Cir., 78 F. 2d 881, 883, 131 A.L.R. 414; Howbert v. Norris, 10 Cir., 72 F.2d 753, 755; Epperson v. First State Bank of Ringling, 168 Okl. 171, 32 P.2d 283; Avery v.

Abraham, 114 Okl. 101, 103, 243 P. 728; Taylor v. Walker, 112 Okl. 75, 239 P. 601; Cleveland v. Mascho, 95 Okl. 22, 222 P. 1008.

7. Rabon v. Putnam, 10 Cir., 164 F.2d 80; United States v. First National Bank of Prague, Okl., 10 Cir., 124 F.2d 484; Petroleum Royalties Co. v. Hartford Accident & Indemnity Co., 10 Cir., 106 F.2d 440, 124 A.L.R. 1403, certiorari denied 308 U.S. 626, 60 S.Ct. 384, 84 L.Ed. 522; Edmonson v. Waterston, 342 Mo. 1082, 119 S.W.2d 318; Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588, 591; Adkisson v. Waitman, 202 Okl. 309, 213 P.2d 465; Morris v. Packard Dallas Co., 184 Okl. 277, 86 P.2d 779; Chicago Great Western Railroad Co. v. Lowry, 119 Kan. 336, 239 P. 758.

554

estopped from claiming title under the original certificate and said: "The dealer was known to plaintiffs to be engaged in buying and selling automobiles, and the car in question was designed to go to the dealer's place of business. There was nothing to indicate to defendant that such dealer had not paid for the car, or that the car was not delivered to the dealer for sale in the Cross Motor Company's well-known business as a dealer. The plaintiffs took no steps to acquaint purchasers from the dealer that such dealer had no right to sell, although they knew of the dealer's selling business, and where, as in this case, the circumstances clearly indicated that the dealer had a right to sell, plaintiff is estopped from claiming title as against a bona fide purchaser for value, from the dealer without actual or constructive notice of the conditions on which the car was delivered to the dealer. Glass v. Continental Guaranty Corp., supra [81 Fla. 687, 88 So. 876, 25 A.L.R. 312]; Owen v. Miller, 190 Okl. 205, 122 P.2d 140."

The judgment is affirmed.