Victoria V. LINTON, Julia Kowal and Sam Salam, Co-Partners, d/b/a Travelite Trailer Company of Texas, Plaintiffs in Error,

v.

CITIZENS STATE BANK, a Corporation, Defendant in Error.

No. 38797.

Supreme Court of Oklahoma.

May 16, 1961.

Paul W. Brightmire, Tulsa, for plaintiffs in error.

Robert L. Cox, Oklahoma City, for defendant in error.

PER CURIAM.

Parties are referred to as in the trial court, or by name. Plaintiff Bank filed its action in replevin against defendant Trailer Company, alleging, among other things, that it held a mortgage on a certain Travelite Trailer, said mortgage having been executed by one W. Bert Davidson, who was at the time alleged to be the owner of the trailer. The petition further alleged default in payment of the obligation secured by the mortgage, demand for payment, and refusal; that defendant Trailer Company was in possession of the trailer, and prayed for a judgment for possession of the trailer, or its value in lieu thereof in the amount of $3,500.

The answer of Travelite generally denied all material allegations, except those admitted in the answer, and specifically denied that Davidson, the deceased former owner of West Tulsa Trailer Sales, was the owner of the trailer concerned. Travelite admitted that Davidson was in possession of the trailer at the time of execution of the mortgage, but alleged that such possession was pursuant to a consignment by Travelite, the manufacturer, to Davidson, the dealer, for sale. It alleged that the mortgage pleaded by plaintiff was void, having been made without the authority or consent of Travelite, the true owner.

The reply of plaintiff Bank alleged, among other things, that Travelite was estopped to deny Davidson's ownership of the trailer by reason of certain facts set out; that plaintiff was an innocent holder of an encumbrance against said trailer, and that if either plaintiff or defendant should suffer loss by reason of the acts of Davidson, the Trailer Company should suffer, because "they put the cause in motion whereby such a loss could occur to an innocent party"; and that defendant did not make a legal consignment of the trailer concerned.

The case was tried to the court, sitting without a jury, and at the conclusion thereof judgment was entered for plaintiff bank. The court found that Davidson had the trailer in his possession on consignment from Travelite; that in obtaining the loan from plaintiff Bank, Davidson used a forged invoice and represented to the bank that he owned the trailer; that both plaintiff and defendant were innocent parties; that plaintiff bank used due diligence at the time of the loan in trying to determine who owned the trailer; and that plaintiff was entitled to possession of the trailer as against defendant Travelite.

On appeal, defendant under its first proposition argues five specifications of error, including both errors of law and errors of fact, and a summary of the evidence is therefore necessary.

About the first of April, 1957, Travelite's agent entered into an oral agreement with Davidson, a dealer in new and used house trailers, by the terms of which Davidson agreed to take a Travelite Trailer on a consignment basis. Title to the consigned trailer was to remain in Travelite until it was sold by Davidson, at which time a certificate of origin (see Title 47, Oklahoma Statutes, 1951, Sec. 23.3, as amended) would be delivered to Davidson; with it, he could then obtain a certificate of title from the Oklahoma Tax Commission.

On April 24th, Davidson appeared at the Citizens State Bank, which had financed his business transactions for some time, presented a fraudulent invoice describing the trailer here concerned, said he had bought it and wanted to "floor" it so he could pay for it. The fraudulent invoice bore no reference to a consignment, but was marked "C.O.D.", meaning collect on delivery.

The true invoice under which the trailer was delivered was plainly marked as follows: "The trailer herein described is consigned to you. Title remains in consignor. It may be repossessed at will of consignor."

Relying on the false representations of Davidson, the bank advanced him $2,880,

taking a promissory note and chattel mortgage on the trailer to secure the same. Thereafter the bank learned of some "irregularities in his operations" and on November 9th declared all of his indebtedness to the bank immediately due and payable. Very shortly thereafter, Davidson died.

Other particulars of the evidence will be noted hereinafter as necessary.

After finding that the transaction between Travelite and Davidson was a consignment agreement, the trial court applied the rule that where one of two innocent parties must suffer, the loss should fall on the one whose conduct enabled the third party to perpetrate the wrong or cause the loss, and rendered judgment for plaintiff Citizens State Bank.

Travelite agrees with the trial court's finding that there was a consignment instead of a sale, but the gist of the first proposition is that the rule applied, being founded upon the equitable doctrine of estoppel, was inapplicable under the circumstances, or was incorrectly applied.

 This argument must be sustained. There is ample evidence in the record that the arrangement between Travelite and Davidson was a consignment agreement and not a sale, perhaps the most convincing being that Davidson never became obligated to pay the purchase price. Davidson was free to return the trailer at any time, and Travelite was free to pick it up at any time. This question (liability for the purchase price) is one of the most material considerations in determining whether a given transaction is a consignment agreement or a sale. 46 Am.Jur. Sales, Sec. 18.

In its answer brief, the Bank contends that the transaction between Travelite and Davidson was either a "sale" or a "verbal conditional sale" and not a consignment. But the lack of obligation to pay the purchase price, plus practically uncontradicted evidence that it was specifically agreed that title to the trailer was to remain in Travelite, are both strongly indicative of a consignment agreement and not a sale.

Also, it is very doubtful that the Bank, not having filed a cross-appeal, is in a position here to complain of the holding of the trial court below. See Holshouser v. Holshouser, 166 Okl. 45, 26 P.2d 189.

The evidence conclusively shows that in making the loan, the bank *relied entirely upon the false representations* of Davidson as to his ownership of the trailer, and that it made *no effort* whatsoever to check the veracity of his representations. Also, it may be strongly inferred from the evidence that prior to the making of the loan, no officer or agent of the bank had ever seen the trailer. We therefore hold that the finding of the trial court to the effect that plaintiff Bank acted with due diligence in trying to ascertain the true ownership of the trailer is not reasonably supported by any competent evidence.

 Under these circumstances, we do not believe that Travelite was estopped to deny the ownership of the trailer by Davidson. Travelite had done nothing wrong. It had not been guilty of any error, either of omission or commission. It had not violated any recording laws. It had merely dealt with Davidson in the due course of business in respect of a transaction generally accepted in business and commerce—a consignment agreement. The Bank argues that when Travelite put Davidson in possession of the trailer, it "put the cause in motion" which led to the Bank's loss. But, as we have shown, the transfer of possession had no bearing whatsoever on the making of the loan. Bank officials had never seen the trailer, had no personal knowledge that it was in Davidson's possession, and relied entirely on his representations, making no effort whatsoever to determine the true ownership. So far as the bank was concerned, "Travelite" was just a name on the fraudulent invoice exhibited by Davidson. It therefore cannot be said that Travelite "put the cause in motion" whereby the bank was induced to make the loan. See Gooch v. Natural Gas Supply Co., 175 Okl. 153, 51 P.2d 932, 933, wherein this court refused to apply

the rule here concerned for the benefit of one who had purchased forged stock certificates, in her action against the company concerned for damages for not recognizing her as a stockholder, the company not having been involved in the fraudulent sale. The court said:

"The rule that where one of two innocent persons must suffer from the fault of a third, the loss must be borne by the one whose negligence enabled the third to commit the fault, is not applicable when plaintiff fails in a duty of care which he owes to himself fully as imperative as any owed to him by defendant * * *."

The rule is grounded upon the equitable doctrine of estoppel, and a careful examination of the cases involving fraud where it has been considered reveals that this court has consistently refused to apply it for the benefit of one whose imprudence or carelessness has contributed to the fraud perpetrated upon him, but on the contrary, has consistently applied it in proper cases against such persons and in favor of innocent adverse parties. Stevens v. Pierce, 109 Okl. 106, 235 P. 174. Morris v. Packard Dallas Co., 184 Okl. 277, 86 P.2d 779; Al's Auto Sales v. Moskowitz, 203 Okl. 611, 224 P.2d 588.

In Al's Auto Sales v. Moskowitz, supra, the rule was applied against an auto dealer who had accepted a bad check in payment of an automobile, in his action in replevin against the vendee of the one who gave the bad check. Defendant Bank argues vigorously here that the situation in Al's Auto Sales v. Moskowitz is analogous to this case, and Travelite is estopped to deny Davidson's ownership, just as Al's Auto Sales was estopped to deny the ownership of Moskowitz.

Such argument is based upon a misconception of the relative portions of the parties. In Al's Auto Sales v. Moskowitz, the auto dealer *sold* the auto concerned to Cross, who resold to Moskowitz. When the check from Cross to the Auto dealer was dishonored, the dealer began a replevin action against Moskowitz. Moskowitz pleaded an estoppel against the dealer, and the plea was sustained. It is apparent that, so far as third parties were concerned, Cross had a right to sell to Moskowitz, since the dealer had *sold* the car to Cross.

██ Here title remained in Travelite. Davidson therefore had no right to mortgage the trailer, since he did not own it.

Plaintiff Citizens State Bank in the instant case and Al's Auto Sales in the above case occupy comparable positions. In each case, it was the "misplaced confidence" of plaintiff which set off a chain of circumstances resulting in loss to a party innocent of wrongful intent. See Morris v. Packard Dallas Co., supra, in which the court said in the body of the opinion, "the loss will be placed upon him whose *misplaced confidence* * * * made the wrong possible." [184 Okl. 277, 86 P.2d 781]. (Emphasis supplied.)

We hold that Travelite was not estopped to deny the ownership of the trailer by Davidson, and that the rule applied by the trial court was therefore inapplicable.

██ There being no estoppel as against Travelite, the Citizens State Bank was subject to the elementary rules that a mortgagor cannot give a mortgage on property which he does not own, and that it is the duty of the mortgagee to see that the mortgagor has good title to the property which he undertakes to mortgage. 14 C.J.S. Chattel Mortgages § 23. We have previously shown that the Bank did not fulfill that duty.

In view of the above holding, it is not necessary to consider defendant's second proposition.

The judgment is reversed and the cause remanded with directions to enter judgment for defendant.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was

assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.

BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.