Kenneth H. WINCHELL, Appellant,

v.

The MOFFAT COUNTY STATE BANK,
a corporation, Appellee.

No. 6913.

United States Court of Appeals
Tenth Circuit.

July 10, 1962.

Jack D. Henderson, Denver, Colo., and Martin A. Cannon, Omaha, Neb.

(Robinson & Henderson, Denver, Colo., on the brief), for appellant.

V. G. Seavy, Jr., Denver, Colo. (Anthony F. Zarlengo, Denver, Colo., and Sid Pleasant, Craig, Colo., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-plaintiff Winchell sued to recover a deposit made with the appellee-defendant, The Moffat County State Bank, under the trade name of Premier Mineral Upgrading Co. The Moffat bank permitted the deposit to be checked out by others using the same trade name. The trial court denied recovery on the ground that the Moffat bank was authorized to honor the checks. Jurisdiction is based on diversity.

Some time prior to August 1, 1957, plaintiff met three promoters named Sivils, Thompson and Eneff, who interested him in a "uranium upgrading machine." Plaintiff decided to invest in whatever business organization was eventually set up to use the machine. He opened an account in the National Bank of Commerce in Lincoln, Nebraska, under the name of Mineral Upgrading Co. On August 1, 1957, Eneff called plaintiff from Craig, Colorado, saying that he and his associates had been unable to obtain leases on land where the machine could be used because of an inability to show financial responsibility. Eneff reported that he had told prospective lessors that he was representing plaintiff who was the Premier Mineral Upgrading Co.

After the phone call, plaintiff opened an account at the Lincoln bank in the name of Premier Mineral Upgrading Co. to which he transferred funds from the account of the Mineral Upgrading Co. At the direction of plaintiff, the Lincoln bank sent a telegram to the Moffat bank which said: "Air mailing to you today Bank Draft $15,000.00 Deposit to credit of Premier Mineral Upgrading Co. Notify C. A. Sivils, Cosgriff Hotel."

Plaintiff's testimony as to the instructions which he gave the Lincoln bank regarding restrictions on withdrawal of funds from the $15,000 account is equivocal. Later the same day Sivils phoned to the Moffat bank and inquired about the telegram. He was told that it had been received but not decoded. Sivils, Eneff and Thompson then went to the Moffat bank, represented that they were the Premier Mineral Upgrading Co. and filled out the usual signature card. Checks drawn pursuant thereto were honored by the Moffat bank in the period August 1 to August 20, 1957, and reduced the balance to $5.

Plaintiff saw Eneff and Thompson in Omaha shortly after August 1 while the two were there attempting to get money for the venture. Later, plaintiff saw Sivils in Tulsa. On several occasions between August 1, 1957, and February, 1958, plaintiff talked to the promoters on the telephone and was told that suitable leases had not been obtained. So far as the record shows he never mentioned the $15,000 to them.

By check dated February 15, 1958, plaintiff attempted to withdraw the $15,000 but payment was refused. Plaintiff asserts that he is entitled to a judgment as a matter of law because of the breach of the contract which came into existence between him and the Moffat bank when that bank accepted the deposit.

In Laws v. United States, 10 Cir., 66 F.2d 870, 873, this court held that the relation between a bank and its depositor is that of debtor and creditor, that a bank may not pay out a deposit without the authority or direction of the depositor, and that the act of a third person not authorized or ratified by the depositor cannot affect the liability of the bank to the depositor in the absence of circumstances constituting negligence by, or effecting estoppel against, the depositor. Accordingly, the bank is liable unless the withdrawals were authorized or unless the depositor was negligent.

The factors of authorization and negligence are difficult to separate in the

situation here presented. The plaintiff was engaged in a venture to profit from the upgrading machine. He adopted and used the trade name in which the deposit was made at the suggestion of one of the promoters with notice that the name had been used by the promoters in the Craig area. He failed to require the forwarding bank to restrict the right of withdrawal. The telegram sent at his direction required the deposit to be made in the trade name and concluded with the phrase "notify C. A. Sivils, Cosgriff Hotel." The plaintiff asserts that such phrase is no authorization for withdrawal. The bank says that the phrase means that Sivils had an interest in the deposit and could direct its disposition. Whichever may be correct, the fact remains that the actions, imprudence, and negligence of plaintiff created the situation which permitted the promoters to withdraw the money.

Both Colorado and this circuit have recognized the rule that where two innocent parties have both been deceived, the loss must be borne by the one who primarily made the loss possible.[1] The question of authorization must be considered in the background of the surrounding facts. In the circumstances presented we cannot say that the inference of authorization is unreasonable or that the conclusions of the trial court in regard thereto are clearly erroneous. Even if that inference is not drawn, the imprudent and negligent acts of the plaintiff were the primary cause of his loss. He may not now transfer that loss to the Moffat bank.

One other matter remains. Plaintiff complains of the admission of testimony regarding the conversation between the promoters and the bank officers following the receipt of the telegram on August 1. As the propriety and prudence of the bank's actions were in issue, the information on which it acted, whether true or false, is original and material evidence and not hearsay.[2] The testimony was properly received.

Affirmed.

---

1. Boatsman v. Stockmen's National Bank, 56 Colo. 495, 501, 138 P. 764, 766, 50 L.R.A.,N.S., 107. See also Gordon v. Pettingill, 105 Colo. 214, 217, 96 P. 2d 416, 418; and Colorado National Bank of Denver v. Rehbein, 88 Colo. 547, 553, 298 P. 952, 954. Tenth Circuit Cases announcing the rule include Ryan v. Spaniol, 10 Cir., 193 F.2d 551, 553; Rabon v. Putnam, 10 Cir., 164 F.2d 80, 83; and United States v. First Nat. Bank of Prague, Okl., 10 Cir., 124 F.2d 484, 488.

2. Ohio Associated Tel. Co. v. National Labor Relations Board, 6 Cir., 192 F.2d 664, 666–667.