### STEVENS v. PIERCE.

No. 13947—Opinion Filed March 31, 1925.

**1. Bills and Notes—Bona Fide Purchasers —Blank Indorsement.**

The rule that one who simply has possession, of the personalty of another, including quasi negotiable paper representing the same, cannot by delivery without authority transfer title even to a bona fide purchaser for value, has no application to a note indorsed in blank and coming into the hands of a bona fide purchaser in due course.

**2. Same.**

When one of two innocent parties to negotiable paper must suffer by the wrongful act of a third party. the one who made the wrongful act possible must bear the loss.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by F. L. Stevens against Josephine Pierce. Judgment for defendant, and plaintiff appeals. Reversed and remanded with directions.

P. D. Mitchell, for plaintiff in error.

Louis W. Pratt and J. M. Springer, for defendant in error.

Opinion by SHACKELFORD, C. This was an action by F. L. Stevens, plaintiff in error, plaintiff below, against Josephine Pierce, defendant in error, defendant below, to recover on a promissory note.

On June 4, 1914, the defendant executed to the Lyon-Taylor Company a certain note for the sum of $298. Prior to the maturity of the note it was indorsed in blank by the payee and delivered to the First National Bank of Iowa City, Iowa, as collateral security for the payment of a certain note in the sum of $2,000 executed by the Lyon-Taylor Company to said bank. Thereafter plaintiff purchased from the bank the note executed by the Lyon-Taylor Company, which was transferred to him, including the collateral security, among which was the note executed by the defendant. The answer of the defendant was to the effect that she was induced to execute the note to the payee because of fraud, misrepresentation, and deceit practiced upon her by the agent of the Lyon-Taylor Company, and further, that the plaintiff was not a holder in due course, and that the Lyon-Taylor Company, the First National Bank, and plaintiff were engaged in a conspiracy to defraud the defendant. In the first trial of the cause, judgment went for defendant. The plaintiff appealed and the cause was reversed and remanded for a new trial. The former appeal is reported as Stevens v. Pierce, 79 Okla. 290, 193 Pac. 417. The cause was tried a second time upon the pleadings as originally filed, and submitted to the court without a jury upon the evidence taken in the former trial. The court entered judgment for the defendant, and the plaintiff has appealed to this court. The trial court made the following findings, based upon the testimony had upon the first trial:

"That the defendant. or her agent, was induced to sign said note, the basis of this action, by and because of the fraudulent representations made to them by the agent of the Lyon-Taylor Company, the original payee, and there was no consideration for said note.

"That the First National Bank of Iowa City, at the time it assigned and transferred said note to the plaintiff, only held the same as collateral security for securing another note that it held, and said bank having received said note from the Lyon-Taylor Company, only as security for the payment of a then existing debt, that it amounted to a pledge, and that the ownership and interest of said bank in said note was not such that it could assign and transfer the same to plaintiff and cut off the equitable defenses of the maker of the said note."

The plaintiff complains that the judgment is contrary to the law. One of the allegations of the defendant's pleading was that the plaintiff was not a holder in due course. In the former opinion in this case, Justice Pitchford, speaking for the court, said:

"Plaintiff's possession of the note, indorsed by the Lyon-Taylor Company in blank, was prima facie evidence that the bank acquired the note in good faith, and for value and in due course. Section 4109, Rev. Laws 1910. But when the defendant introduced evidence tending to show that the note had been procured by fraud, misrepresentation, and deceit practiced upon her by the agent of the Lyon-Taylor Company, then the burden of proof was shifted to the plaintiff to show that the bank from whom he purchased had acquired the note in good faith, for value, in the usual course of business. and when the plaintiff, thereafter, by uncontroverted evidence established that the bank had received the note for value in the usual course of business and under circumstances that did not operate as constructive notice of the fraud by which defendant had been induced to sign the note, then the burden was upon the defendant to prove the actual notice of fraud. Forbes v. First National Bank of Enid, 21 Okla. 206, 95 Pac. 785. There was no proof offered tending to show that the bank had any notice of the fraud in acquiring the note."

In the second trial the cause was submitted to the court upon the evidence taken in the former trial. That being the case, the holding of the court in the former appeal that the plaintiff had maintained the burden of showing that he was a holder in due course, and that the defendant had offered no proof tending to show that the bank had any notice of the fraud in acquiring the note, is conclusive in this appeal.

The question of whether or not the plaintiff was a holder in due course being eliminated, the only remaining question is whether or not the First National Bank was authorized to transfer the note to the plaintiff. The theory of the defendant is that since the note was held by the bank as collateral security for the payment of a debt due the bank by the payee, it amounted to a pledge, and the ownership and interest of the bank was not such that it could transfer the note to the plaintiff and cut off equitable defenses of the maker. In support of this contention the defendant relies upon section 8205, Comp. St. 1921. which reads as follows:

"A pledgee cannot sell any evidence of debt pledged to him, except the obligations of governments, states or corporations; but he may collect the same when due."

This section has no application here for the reason that it relates to the rights of a pledgee as against those of the pledgor. If the bank wrongfully sold this note to the plaintiff in this case the Lyon-Taylor Company must look to the bank for its damages. The transfer is of no concern to the original maker of the note. The pledged security was the property of the Lyon-Taylor Company and the disposition of the same by the pledgee was a matter that concerned only the pledgee and the pledgor, and a third party would not be authorized to question any disposition of the pledged property by the pledgee. Since the note in question was the property of the Lyon-Taylor Company, and it could have sold the note outright to a third party, we see no reason why it could not consent to sale of the same by the bank.

The note in question was indorsed in blank by the Lyon-Taylor Company, and delivered to the bank. In paragraph five of the syllabus in the opinion, in the former appeal of this cause, the court said:

"Where a negotiable note is payable to the order of a specified person, the indorsement of such person is necessary to the further negotiation of the instrument, and when the same is indorsed in blank. not specifying any indorsee, it is thereafter payable to bearer and may be negotiated by delivery."

In Coit v. Humbert, 5 Cal. 261, the court said:

"A party by pledging negotiable securities transferable by delivery, loses all right to the securities when transferred by the pledgee in good faith to a third party."

And, in Smith v. Staten Island Land Co., 162 N. Y. Supp. 681, the New York court held:

"A bona fide purchaser of securites sold by a pledgee without notice to the pledgor obtains good title to them."

In Voss v. Chamberlain, 139 Iowa, 569, 117 N. W. 269, it is said:

"The rule that one who simply has possession of the personalty of another, including quasi negotiable paper representing the same, cannot by delivery without authority transfer title even to a bona fide purchaser for value, has no application to a note indorsed in blank and coming into the hands of a bona fide purchaser in due course.

"When one of two innocent parties to negotiable paper must suffer by the wrongful act of a third person, the one who made the wrongful act possible must bear the loss."

We therefore conclude that the plaintiff was a holder in due course of the note here in question, and that the defendant cannot be permitted to question the authority of the bank to transfer the note to the plaintiff, for the purpose of defeating the rights of the plaintiff.

The judgment must be reversed. Since this is the second appeal, and the cause was submitted on the record and evidence in the first trial of the cause; and since by the former opinion in this case it has been held that the plaintiff had no notice of any infirmity in the title of the First National Bank to the note, it could serve no good purpose to remand the cause for a new trial; and the case should be disposed of here.

It is therefore recommended that this cause be reversed and remanded to the district court of Payne county, with directions to enter judgment for the plaintiff as prayed for in his petition.

By the Court: It is so ordered.