PORTLAND MOTOR SALES CO., INC. *vs.* E. D. MILLETT.

Cumberland.     Opinion April 23, 1925.

*A party to a written contract, no element of fraud being present, is estopped to deny knowledge of the terms of the contract, or of a provision requiring the written approval of an officer of the corporation before it is binding upon the corporation.*

*An oral contract entered into with an agent having apparent general authority will bind his principal, the other party to the contract having no actual knowledge of any limitation upon the agent's authority, or of facts putting him upon his inquiry.*

*If a written contract containing a notice that it is not binding, unless also counter-signed by an officer of the corporation, be fully executed, but afterward abandoned, and a new oral contract be entered into with an agent of the corporation, having apparent general authority, but without the knowledge of any other officer of the corporation, the corporation will be bound, unless it appears that the other party had actual knowledge of the limitation upon the agent's authority or of facts sufficient to put him upon his inquiry.*

*A ratification of a contract after suit begun, if relied upon as a bar to the suit, must be pleaded.*

In the instant case, since the verdict of the jury may have been based upon a finding that the agreement for the second exchange of cars was never put in writing, that the defendant had no actual knowledge of any limitation upon the apparent general authority of the plaintiff's agent, and that the first agreement was mutually abandoned and was not the foundation of the defense, the defendant was not estopped to deny knowledge of any limitation of authority on the part of the agent, and the title to the car was properly held to have passed to the defendant.

On motion. An action of replevin to recover the possession of an automobile. The general issue was pleaded and under a brief statement the issue of title was raised. The jury returned a verdict for defendant and the plaintiff filed a general motion for a new trial. Motion overruled.

The case is fully stated in the opinion.

*Harry C. Libby,* for plaintiff.

*Henry Cleaves Sullivan,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, MORRILL, STURGIS, BARNES, JJ.

WILSON, J. An action of replevin to recover possession of an automobile. The defendant pleaded the general issue and in a brief statement raised the issue of title. The jury found for the defendant and the case is here on a general motion for a new trial on the usual grounds.

One of the directors of the plaintiff company, who was also employed as a salesman, entered into an agreement with the defendant to exchange on equal terms a second hand Hupmobile Touring Car, for a second hand car, known as a Hudson Speedster, belonging to the defendant.

The agreement was incorporated in a printed form furnished by the plaintiff Company for use by its salesmen in the sale of cars, which form had printed in clear type just above the line on which the purchaser signed, a notice that the order was not valid until countersigned by an officer of the plaintiff Company. The agreement for the exchange of cars was signed by the defendant and by the agent describing himself as "salesman," but was never countersigned by any other officer for the Company.

The cars were delivered in pursuance of the agreement between the salesman and the defendant, but the Hudson car was at the same time turned over by the salesman to the son of the defendant for resale, he having a prospective customer in view, and having on several occasions sold cars on commission for the plaintiff Company.

About two weeks later the salesman making the exchange came to the defendant and stated that it had just come to his knowledge that the car delivered to the defendant was in some way covered by a prior sales agreement, but that he had another car of the same type which he would exchange for the defendant's Hudson car.

After a later conference at the garage of the plaintiff, the defendant took home another car of the same type, as he says, in exchange for his Hudson car, and with the addition of a spare tire, on equal terms. At the same time he took home another agreement prepared in duplicate, according to the terms of which he agreed, if and when executed, to exchange his Hudson car for a Hupmobile Touring Car and pay in addition three hundred and fifty dollars at the rate of thirty-five dollars per month. This agreement, however, was never signed by the defendant.

It is largely by reason of the conflicting testimony as to what took place at this conference that the issues in this case have arisen.

The plaintiff's agent, the salesman, claims that having come to the conclusion that the defendant's car, which he did not see at the time of the exchange, and had not since seen, was not worth as much as it was represented to him by the defendant, and that the exchange upon equal terms would not be satisfactory to the other officers of the Company who would have to approve the sale, and having learned of the prior sales agreement upon the car first delivered in the exchange, finally prevailed upon the defendant to accept another and somewhat better car, but with the understanding that the defendant would sign the new agreements to exchange cars and pay a difference in cash of three hundred and fifty dollars, at the rate of thirty-five dollars per month, of which sum, however, the salesman testified he assured the defendant he personally would pay at least one half, because of the trouble to which the defendant had been put by reason of the defective title to the first car.

The case is here, however, on a motion for a new trial and it must be determined upon the basis of what the members of the jury, whose special prerogative it is to determine the credibility of witnesses, may have found the facts to be.

Assuming then that the jury may have believed the defendant and his witnesses, their story being no more inherently improbable than that of the salesman, and found that the second car with the additional spare tire was delivered to the defendant in exchange for his Hudson car on equal terms, and that the new agreement taken home by him, as he claimed, related to a proposed trade for a new car of the same make, but of another type, and for which the proposal, was, that in addition to turning over his Hudson car, he would also pay in cash the sum of three hundred and fifty dollars, that not being able to read he never knew that the car he was to receive under the new agreement was described therein as a "touring car," but assuming that the agreements related to a new car, since he had decided to keep the used car, they were never signed by him.

It is not questioned that the title to the first car delivered to the defendant did not pass; and in any event it was voluntarily surrendered up by the defendant and the car now involved in this action accepted by the defendant in exchange for his Hudson car.

It is true, that the jury might have found that there was no meeting of minds in the second transaction, but in order to arrive at their verdict they must have found the facts as claimed by the defendant.

The plaintiff, however, contends that even so, the defendant is bound by the notice of the limitation upon the salesman's authority contained in the printed agreement notwithstanding the defendant cannot read and the jury may have found that his attention was not called to it. *Gilman* v. *Stock*, 95 Maine, 359; *Kelleher* v. *Fong*, 108 Maine, 181.

This, we think, would be true if the plaintiff in prosecuting his action, or the defendant in defending, were relying upon the first agreement. He would then be estopped to deny knowledge of its contents. *Mattocks* v. *Young*, 66 Maine, 459, 464. Such is not the case. We must assume, we think, that the jury were instructed that if the first contract was still in force and the second car was merely substituted for the former in the original contract, the defendant would be estopped to deny knowledge of the necessity of the signature of another officer of the company as a *sine qua non* to its validity, and his title would be bad unless the contract was later ratified.

Both parties, however, appear to be in accord that the second car was delivered under a new agreement, either oral or upon an agreement which was never executed. The jury, therefore, must have found, and we cannot say upon the evidence that such a finding was clearly wrong, that the second transaction was under an oral agreement between the defendant and an agent of the plaintiff with apparent general authority, and that the defendant had no actual knowledge of any limitation upon it. Not having any actual knowledge, he was not estopped from denying knowledge because of his having signed the agreement as to the first exchange, such agreement having by mutual consent been cancelled and having no binding effect upon him.

Under such conditions the plaintiff is bound by the acts of its agent, who it admits, had general authority to sell and dispose of its used, or second hand cars, though subject to the approval of its officers. *Stickney* v. *Munroe*, 44 Maine, 195, 203-4; 31 Cyc., 1340.

It is argued by the defendant's counsel that there was a ratification by the plaintiff of the second transaction, but if so, it was after this action was begun, and if relied upon as a bar to further maintenance

of the action, it should have been pleaded. *Fiske* v. *Holmes*, 41 Maine, 441, 444; *Rowell* v. *Hayden*, 40 Maine, 582, 585.

But since the verdict of the jury may have been based upon a finding that the agreement for the second exchange was never put in writing, and the defendant not having actual knowledge of any limitation upon the agent's general authority, and the original agreement no longer controlling either party, the title to the car now in question passed to the defendant.

If injury has resulted from unauthorized acts of the plaintiff's agent, the evidence also warranting a finding by the jury that the Hudson car had finally come into the possession of the plaintiff, the loss, if any, should fall on the plaintiff and not on another who had no knowledge of the agent's lack of authority.

*Motion overruled.*
*Judgment for return.*