## MAHAR v. WHITE.

No. 30437.   Feb. 17, 1942.

Rehearing Denied March 10, 1942.

Application to File Second Petition for Rehearing Denied April 14, 1942.

*124 P. 2d 260.*

White & White, of Eufaula, for plaintiff in error.

A. N. Boatman, of Okmulgee, for defendant in error.

PER CURIAM. This is an action in replevin brought by John S. Mahar, hereinafter referred to as plaintiff, to recover a G. M. C. truck from the defendant, Charley White, which was sold to the defendant by the plaintiff's agent, D. R. Manzer. At the close of plaintiff's testimony, defendant demurred to the evidence, and thereupon judgment was rendered for the defendant upon the evidence submitted, and plaintiff appeals.

The sole question presented is the error in rendering judgment for the defendant. The evidence discloses that plaintiff lived in Eufaula, where he owned and operated a filling station and

sold automobiles; that he had known the agent, Manzer, for approximately three and one-half months; that Manzer had sold cars for the plaintiff on a commission basis; that on or about the 12th day of January, 1941, Manzer told plaintiff that he, Manzer, knew where he could sell the G. M. C. truck in question, whereupon plaintiff delivered the truck to Manzer for the purpose of sale; that Manzer went to the home of the defendant with a secondhand G. M. C. truck, left the truck with the defendant, obtained $350 in exchange therefor, and absconded with the $350, never returning to the premises of the plaintiff; that plaintiff had the certificate of title to the truck; that this certificate of title was executed by E. M. Price to the plaintiff. On cross-examination it is made to appear that Manzer obtained a Chevrolet truck in addition to the $350. Whether this truck was ever delivered to the plaintiff or what happened to the Chevrolet truck, if there was one obtained from the defendant, is not clear. At least, it is clear that Manzer never made any report to the plaintiff and absconded with whatever money he received from the defendant.

It is the claim of plaintiff that by the delivery of the G. M. C. truck to Manzer he created him his limited agent in that he instructed him not to complete the sale to the defendant, but to bring the defendant to his offices and there complete the deal; that the court erred as a matter of law in sustaining the demurrer to the plaintiff's evidence and entering judgment for the defendant. The propriety in sustaining the demurrer and entering the judgment is to be determined under the rule anounced by this court in Lowrance v. Henry, 75 Okla. 250, 182 P. 489; Luster v. First Nat. Bank, 111 Okla. 168, 239 P. 128; Banning v. Peru-Laclede Syn., 179 Okla. 382, 65 P. 2d 976.

Neither party cites a case directly in point from this court on the question of the authority of an agent in the possession of an automobile for sale under circumstances similar to the case at bar. Defendant relies upon Portland Motor Sales Co. v. Millet, 124 Me. 329, 128 Atl. 694; Simons v. Northeastern Finance Corp., 271 Mass. 285, 171 N. E. 643; Jones v. C. I. T. Co., 64 Utah, 151, 228 P. 896; Buckley v. Matheson, 120 Wash. 212, 206 P. 935; Carter v. Rowley, 59 Cal. App. 486, 211 P. 267, wherein fact situations somewhat similar are discussed, and Stevens v. Pierce, 109 Okla. 106, 235 P. 174, wherein it is stated that when one of two innocent parties must suffer by the wrongful acts of a third party, the one who made the wrongful act possible must bear the loss.

We are of the opinion that the court reached the correct conclusion in holding that Manzer, the agent of the plaintiff, was clothed with apparent authority to sell and dispose of the truck to defendant. When plaintiff delivered the G. M. C. truck to Manzer he constituted him his agent with apparent power to sell and deliver the title to the defendant.

In Carter v. Rowley, supra, it is stated:

"Authority given by an owner of a car to an agent to secure a purchaser for the car and report to the owner gives the agent no actual authority to sell the car, but if he is given apparent authority to sell it, an innocent buyer secures good title under the rule that, where the loss falls upon one of two innocent persons, it should fall on the principal who has armed the agent with apparent authority."

And again:

"Where a principal intrusts his property to an agent under circumstances such as usually accompany authority to sell the property according to the custom of the trade and general understanding of business men, the agent's possession is evidence that he has received from the owner authority to sell."

See, also, Portland Motor Sales Co. v. Millet, supra.

In Harrison v. Auto Securities Co., 70 Utah, 11, 257 P. 677, 57 A.L.R. 388, it is stated that an agent given possession of an automobile by his principal, for

the purpose of interesting prospective purchasers and soliciting sales, may pass title to the car to an innocent purchaser for value. In Galbraith v. Weber, 58 Wash. 132, 107 P. 1050, it is stated that whether or not a principal is bound by the acts of his agent when dealing with a third person who does not know the extent of his authority depends not so much upon the actual authority given or intended to be given by the principal as upon the question, What did such third person, dealing with the agent, believe and have a right to believe as to the agent's authority from the acts of the principal? See, also, Griggs v. Selden, 58 Vt. 561, 5 Atl. 504; Towle v. Leavitt, 23 N. H. 360, 55 Am. Dec. 195. See, also, Annotations to Harrison v. Auto Securities Co., supra, 55 A.L.R. at page 393, and subsequent citations.

The plaintiff testified that he delivered the automobile in question to Manzer for the purpose of sale and denied that Manzer had power and authority to complete the sale. Under these circumstances plaintiff was bound by the acts of his agent, Manzer, and a title passed to the defendant which is indefeasible. It is claimed that because Manzer informed the defendant that he did not have the certificate of title and it would have to be completed by the plaintiff and delivered to the defendant, defendant was informed of the limited authority of Manzer. An almost exact situation was discussed and it was held to the contrary in Carter v. Rowley, supra.

We are convinced that the trial court reached the correct conclusion in rendering judgment for the defendant, and the judgment is in all respects affirmed.

CORN, V. C. J., and RILEY, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and OSBORN and GIBSON, JJ., dissent.