## WOODWARD CO-OPERATIVE ELEVATOR ASS'N v. JOHNSON et al.

No. 34347.   Oct. 7, 1952.

*248 P. 2d 1002.*

Sparks & Boatman, Woodward, for plaintiff in error.

Billings & Billings, Woodward, for defendants in error.

PER CURIAM.   This is an action brought by defendants in error as plaintiffs against plaintiff in error to recover the value of five hundred and sixty-eight (568) bushels of wheat alleged to have been converted by plaintiff in error. The parties will be referred to as in the trial court. The cause was submitted to a jury which rendered a verdict for plaintiff in the amount of the stipulated value of the wheat and the court rendered judgment on the verdict.

It appears from the pleadings, evidence and briefs of the parties, that the wheat in question belonging to plaintiffs was of the value of eleven hundred and eight dollars and twenty-seven cents ($1108.27); that one O. J. Drake was engaged by plaintiffs to haul the wheat from their farm near Granada, Colo., and instructed to deliver the same to a wheat elevator in Cherokee, Oklahoma, for storage; that instead, Drake took the wheat to defendant's elevator in Woodward, Oklahoma, and sold it to defendant representing that he owned the wheat; that defendant was a bona fide purchaser and paid Drake for the wheat but that Drake absconded and plaintiffs never received payment. It is stipulated that due demand was made.

Defendant claims that Drake had both actual and apparent authority to sell the load of wheat. In this connection defendant alleged in its answer and produced the testimony of several witnesses to the effect that a trade custom and practice existed in the Woodward county area among the wheat growers and elevator companies whereby the haulers were given authority from the growers to inform the elevator who owned the wheat and as to whether the owner desired to store it or sell it. Defendant claims it relied on this trade custom in accepting Drake's representation that he owned the wheat, and that in view of this custom plaintiffs' delivery of the wheat to the hauler clothed him with apparent indicia of ownership or with apparent authority

to sell the wheat and that plaintiffs are estopped to deny his authority to sell the wheat to defendant. Plaintiffs by. reply deny under oath any such actual or apparent authority.

There is no evidence of actual authority of the wheat hauler to sell the wheat. The uncontradicted evidence is that plaintiffs instructed him to deliver it to the elevator at Cherokee, Oklahoma, where they had previously arranged for its storage. In a similar case, Hughes v. Winchell, 168 Okla. 463, 33 P. 2d 787, this court affirmed a judgment for the plaintiff, owner of the wheat, against the elevator company. In that case plaintiff engaged a hauler to deliver his wheat to one elevator in Tyrone, Texas county, Oklahoma, where plaintiff had arranged to sell it; the truck hauler instead took it to another elevator in the same town where he sold it, representing that four loads belonged to his father and one load to plaintiff. At the hauler's request the checks were made out accordingly and delivered to him and by forged endorsements he cashed the checks. The holding in that case was as follows:

"The uncontradicted evidence is that Tucker was employed only to haul the wheat from the farm to the elevator; that he had no authority whatever to sell the wheat, or to collect the money therefor. He was, therefore, a mere bailee. The relation between plaintiff and Frank Tucker was the hiring of the transportation of the wheat. There was no agreement express or implied giving the bailee power to sell or dispose of the property. He could not sell the wheat to defendant so as to give title, even though defendant was acting bona fide and without notice of the status of Frank Tucker as bailee. 6 C. J. 1128."

"The general rule is that the bailor may recover possession of the subject-matter of the bailment, or its value, from any person who has acquired possession by wrongful act of bailee, such as a sale, etc. 6 C.J. 1147".

In the above case we quoted with approval the rule as stated in Young v. Cole, 91 Okla. 113, 216 P. 429, as follows:

"The bailee in possession of property for some particular purpose is not invested with such appearance of ownership as will enable the bailee to pass the title to the property as against the owner."

Defendant concedes the general rule to be as stated in Hughes v. Winchell, supra, but contends that case is not decisive here because of the evidence of the trade custom in this case.

Defendant introduced testimony as to the existence of a trade custom in Woodward county as between the wheat growers and elevator operators to the effect that the grower instructed the truck hauler whether the wheat was to be stored or sold, which information the hauler passed on to the elevator who relying on this information stored the wheat in the name of the grower, or if it was to be sold the grower would come in later and settle with the elevator and receive his check. That is the extent of the trade custom and usage established by any evidence of probative value. Defendant sought to establish that this custom extended so as to recognize the right of the elevator to pay the hauler upon his representation, true or false, that he owned the wheat. The testimony of the manager and of the president of the board of the defendant association is at best vague and insufficient in this regard. The manager testified that Drake told him he bought the wheat in Colorado, and that he, the manager, examined Drake's social security card and driver's license which indicated to him that "the man was on the up-and-up", and he then believed it to be Drake's wheat. The jury evidently concluded, as it had a right to, that in paying Drake for the wheat the manager relied on Drake's representation and identification without regard to any alleged custom of the industry. The elevator dealt with Drake as the owner of the wheat and not as agent of plaintiff with actual or apparent authority from his

principal to make the sale. It is stated in 2 Am. Jr. §103, p. 85, that " * * * one who deals with an agent as principal can not set up the agent's apparent authority, on which he did not rely, so as to establish rights against the principal". If part of instruction No. 7 relating to the question of Drake's apparent authority was erroneous as claimed, it was not prejudicial to defendant since Drake was dealt with as principal and not as agent of the owner.

Mahar v. White, 190 Okla. 434, 124 P. 2d 260, cited and relied on by defendant is clearly distinguishable. In that case plaintiff delivered a truck to a salesman who had sold cars for plaintiff on a commission basis. Plaintiff testified he delivered the truck to the agent "for the purpose of sale", but without authority to consummate the sale. The agent sold the truck and kept the money; but he told the purchaser the certificate of title would have to be completed by the plaintiff; thus he was dealing as agent of the owner and his apparent authority was a proper issue. Other authorities cited by defendant, likewise, do not support its contentions under the facts of this case.

No prejudicial error appears in the trial court's instructions taken as a whole, or in its failure to give any requested instruction, with respect to defendant's defenses of apparent authority and authority by estoppel, of Drake to sell the wheat. Both such defenses go to the same state of facts which defendant sought to establish. This court, under the evidence, would not be justified in reversing the case on questions of fact under the well recognized rule that the verdict of the jury as to questions of fact will not be disturbed upon appeal where the evidence is in conflict and there is any evidence reasonably tending to support the verdict.

Judgment affirmed.

This court acknowledges the services of Attorneys Stanley D. Campbell, James E. Bush, and William K. Powers, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council and appointed by the court.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.