## OKLAHOMA RY. CO. v. HANKINS.

### No. 34761.   Nov. 5, 1952.

#### 249 P. 2d 997.

Richardson, Shartel & Cochran, F. M. Dudley, and Boston W. Smith, Oklahoma City, for plaintiff in error.

Cantrell, Carey & McCloud and B. H. Carey, Oklahoma City (Charles V. Wheeler, Oklahoma City, of counsel), for defendant in error.

HALLEY, V.C.J. The parties will be referred to according to the positions they occupied in the trial court, the reverse of their positions here.

This action arose out of a collision between a bus owned by the defendant and a Buick automobile owned and operated by the plaintiff's brother at the intersection of 4th and Walker streets in Oklahoma City at about 1:00 a.m. on November 13, 1944. The evidence showed that the traffic lights were not in operation at that hour, and that plaintiff was riding as a passenger with his brother in the Buick, which was traveling south on Walker street, and that defendant's bus was proceeding west on 4th street. The only witness to testify for the plaintiff was himself. His brother had been killed in an aeroplane accident between the time of the collision and the time of trial.

The plaintiff testified that he was a stranger in Oklahoma City and was casually observing the scenery when his brother, the driver of the Buick, ·suddenly slammed on the brakes as the car entered the intersection. Plaintiff looked up in time to see the bus coming from the east, about to enter the intersection and traveling at a high rate of speed—in his opinion, 30 to 40 miles per hour. The bus was brightly lighted and crowded with passengers. That the Buick entered the intersection first, was not traveling in excess of 25 miles per hour; that the plaintiff's brother swerved the car to the right in an attempt to avoid a collision with the approaching bus, but that the left front of the automobile was struck by the right front of the bus; that the bus proceeded in a westerly direction, carrying the automobile with it, for a distance of 25 feet. That as a result of the collision the plaintiff sustained certain personal injuries, about which no question has been raised on appeal.

The defendant raises only two propositions in its brief: (1) that there was not sufficient evidence to sustain the verdict, and the motion for directed verdict should have been sustained; (2) that this is a case in which this court should apply the rule that where a single witness is opposed by several witnesses, the testimony of the single witness should not be accepted as controlling, where he is a party or interested and nearly all of the opposing witnesses are disinterested.

The plaintiff's testimony indicated that the driver of defendant's bus had violated city ordinances dealing with right of way, providing that drivers of vehicles approaching an intersection

shall yield right of way to vehicle which has already entered the intersection, and that when two vehicles proceeding on different streets are approaching as to enter an intersection at the same time, the vehicle coming from the right shall have the right of way, and also the ordinance in regard to the speed limits. If the plaintiff's testimony was true, the defendant's bus was being operated in a manner in violation of these ordinances. The plaintiff plainly testified that the bus was being operated at a speed of from 30 to 40 miles per hour, and that the automobile in which he was riding entered the intersection first. The jury had a right to believe this testimony, in spite of the fact that several other witnesses testified that the bus was in the intersection first and that it had stopped before entering the intersection, and was not traveling at a speed of from 30 to 40 miles per hour; but the question as to whether or not the bus was being operated negligently was one of fact for the jury to determine, and it has done so, holding by its verdict and finding that the bus was so operated, and that the negligent operation of the bus was a contributing factor to the plaintiff's injuries. In our opinion there was sufficient evidence to go to the jury on the question of negligence of the defendant, and it would have been error to sustain the motion for directed verdict. The same rules obtain on a motion for directed verdict as on a demurrer to the evidence. Caesar v. Phillips Petroleum Co., 187 Okla. 559, 104 P. 2d 429; Myers v. Chamness, 114 Okla. 220, 245 P. 879; St. Louis & S. F. Ry. Co. v. Clampitt, 55 Okla. 686, 154 P. 40.

The defendant did not request an instruction in regard to the disparity in the number of witnesses; however, it did request an instruction on the burden of proof and the preponderance of the evidence, and while the court did not give the requested instruction, it gave an instruction which was substantially the same. In the requested instruction, this statement was contained:

"By a preponderance of the evidence is not necessarily meant the greater number of witnesses who have testified in the case, but the greater weight of credible, competent evidence in the case."

The court gave the stock instruction on this question in this state:

"By a 'preponderance of the evidence' as the term is used in these instructions, is not necessarily meant the greater number of witnesses testifying to a fact or state of facts, but * * * that evidence which to your minds is most convincing and seems most probably true."

It was our holding in Bruce v. McIntosh, 57 Okla. 774, 159 P. 261, that a judgment supported by testimony of a single witness, notwithstanding the fact that several other witnesses testified to the contrary on a material point, will be sustained, as this court will not weigh evidence against conflicting evidence. We have never seen fit to depart from that rule, and it has been followed in McAlester-Edwards Coal Co. v. Stephenson, 126 Okla. 219, 260 P. 78; Mudge Oil Co. v. Swanson, 176 Okla. 13, 54 P. 2d 345; Maney & Alley et al. v. Fletcher, 140 Okla. 54, 282 P. 153. This case had to be submitted to the jury, which was the final arbiter of the questions of fact involved therein; and we will not disturb its verdict. The judgment is affirmed.

The defendant filed a supersedeas bond in this case. Under Rule 31 of this court, upon affirmance of this case the plaintiff is entitled to have a judgment on the supersedeas bond. It is therefore ordered, adjudged and decreed that the plaintiff have a judgment against the defendant in the sum of $2,500, plus costs and interest.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.