HAGGARD v. COLLINS.

No. 35516.

Supreme Court of Oklahoma.

Nov. 10, 1953.

Joe Chambers, Tulsa, for plaintiff in error.

Hughey Baker, Wm. N. Randolph, Tulsa, for defendant in error.

ARNOLD, Justice.

G. D. Collins brought this action in the Court of Common Pleas of Tulsa County against defendant A. O. Haggard for damages to his real property.

In support of the allegations of his petition plaintiff's evidence shows that he owns a five-room brick house in Tulsa which was built in 1929 or 1930; that defendant owns the premises adjoining plaintiff on the north; that these properties were on a sloping hillside, the plaintiff's lot being about two feet higher than defendant's lot; that the house of plaintiff was situated within three or four feet of defendant's property line; that in about 1947 defendant built a new house on his property and built a concrete driveway adjoining plaintiff's property line and about 5 or 6 feet north of plaintiff's house; that defendant excavated for this driveway with a bulldozer to a depth of 2½ or 3 feet; that plaintiff told defendant that a wall would have to be built to keep dirt from washing down off plaintiff's lot; that defendant agreed to put a retaining wall in and pay half the cost of its construction; that plaintiff had several contractors estimate the cost of a retaining wall and submitted their figures to defendant; that defendant stated the figures submitted by the contractors were too high; that because heavy rains were washing plaintiff's yard he asked defendant to allow him to go ahead and put in the wall, but defendant refused; that in 1950, some two or three years after the excavation for the driveway, plaintiff noticed a large crack in the northwest corner of his house; that the wall was pulled away from the baseboard inside the house and other cracks appeared in the house; that these cracks were not present prior to 1950; that an engineer cored the foundation and the soil and examined the footing at this corner and found that the crack in the footing extended to above the ground and the front end of the house; that it was the expert opinion of the engineer that assuming these cracks were not present previous to the excavation for the driveway they were caused by the excavation allowing water to drain out, sloughing soil, and causing the ground to drop down; that the cost of repairs, including underpinning the foundation, would be $2,089.

Certainly this evidence was sufficient to submit the cause to the jury and defendant's demurrer to the evidence was properly overruled.

The jury returned a verdict in favor of plaintiff in the sum of $1,250 and judgment was entered in accordance with the verdict. From order overruling motion for new trial defendant appeals.

Defendant's six propositions amount to a contention that the evidence is insufficient to sustain the verdict of the jury and the judgment rendered thereon. In this connection he analyzes the highly conflicting evidence introduced on the part of plaintiff and of defendant and contends that the evidence of defendant's so-called "disinterested witnesses" completely destroys the probative value of plaintiff's testimony and therefore there is no legal evidence to support the verdict of the jury.

It is axiomatic that in a law action this court will not weigh the evidence, and that the verdict of the jury and the judgment based thereon will not be disturbed upon appeal where the evidence is in conflict and where there is evidence reasonably tending to support the verdict and judgment. Oklahoma Railway Co., v. Hankins, 207 Okl. 374, 249 P.2d 997; Midland Valley Ry. Co., v. Lowery, 207 Okl. 227, 248 P.2d 1042; Woodward Co-op Elev. Ass'n v. Johnson, 207 Okl. 217, 248 P.2d 1002.

Affirmed.