**FOOR ENGINEERING CO. et al.**

v.

**GOSSETT et al.**

No. 35387.

Supreme Court of Oklahoma.

Feb. 2, 1954.

Rehearing Denied March 2, 1954.

Butler, Rinehart & Morrison, Oklahoma City, for plaintiffs in error.

Sigler & Bruce, Ardmore, for defendant in error Rhoda Gossett.

Champion & Champion, Ardmore, Judd L. Black, Oklahoma City, for defendant in error Albert F. Bettes.

O'NEAL, Justice.

For an understanding of the case it is necessary to set out the various pleadings of the respective parties.

In the original petition Rhoda Gossett sued Albert F. Bettes to recover damages in the sum of $25,000 for alleged injuries received in an automobile accident on the 21st day of August, 1950, at the intersection of Robinson and S. W. 29th Street in Oklahoma City, Oklahoma. It was generally alleged that she was a passenger in the ambulance of the defendant, Bettes, proceeding from Healdton, Oklahoma to Oklahoma City, Oklahoma, to enter a hospital for medical treatment; that the defendant Albert F. Bettes operated the ambulance at an excessive rate of speed and ran a red signal light and thereby collided with a truck, causing the accident and injuries complained of.

In an amendment to the petition the Foor Engineering Company and D. J. Cantrell, its employee, were made additional defendants. After re-alleging the allegations contained in her original petition, she averred that the driver of the truck negligently failed to yield the right-of-way to the ambulance and drove his truck in front of the ambulance causing the collision and resulting injuries to the plaintiff.

It is further averred that on the 25th day of September, 1950, a representative of the defendants, Foor Engineering Company and D. J. Cantrell, the driver of the truck involved in the accident, approached plaintiff and made an offer to settle their liability, if any. Plaintiff pleads she was not acquainted with legal matters and did not know the defendants were liable or responsible for the accident; that said representative stated that their co-defendant, the owner and operator of the ambulance, was liable and that they were not liable; that she had no legal advice from any person and, therefore, relied upon said representations and settled with said defendants for the sum of $1727.40, and executed a release of their liability covering the accident involved. To void the settlement plaintiff alleged that because of her physical and mental condition she was not in a position to transact business and that the settlement was induced by false statements made by the representative of the Foor Engineering Company and said D. J. Cantrell.

Defendants Foor Engineering Company and D. J. Cantrell by answer admit that on September 29, 1950, their representative, Sanderson, called on the plaintiff and discussed the accident and a proposed compromise and settlement of any liability of these defendants; that the plaintiff's son was present during these negotiations and that plaintiff and these answering defendants entered into a written settlement and covenant not to sue for a consideration of $1727.40. A copy of the covenant is attached to defendants' answer.

The defendant, Albert F. Bettes, filed a general denial and pleaded that he was conveying the plaintiff in his ambulance to Oklahoma City, as an emergency patient; that as he approached the intersection of S. W. 29th Street and Robinson Avenue in Oklahoma City, and at a distance of approximately 500 feet from the intersection, he sounded his siren and blew his horn so that other operators of vehicles would observe that his was an emergency vehicle; that the defendants, Foor Engineering Company and D. J. Cantrell, its truck operator, carelessly and negligently ignored the warning and siren and drove their truck into the ambulance.

Plaintiff by reply admitted that she received a check from the defendants, Foor Engineering Company and D. J. Cantrell, for the amount of $1727.40. She then pleads that she was compelled to expend said money for medical treatment; that when she accepted said check she was not advised of her rights and was led to believe that the paying defendants were not liable for the accident. Furthermore, that she was not physically or mentally competent to

make the settlement, and that the settlement was procured by fraud.

The defendant, Bettes, filed a cross-petition against his codefendants alleging that the collision was caused by the want of care of the Foor Engineering Company and D. J. Cantrell in operating the truck at an excessive rate of speed at the street intersection, and in failing to yield the right-of-way to the Bettes ambulance as provided by the ordinances of the city of Oklahoma City; that he received physical injuries in the accident for which he sued to recover the sum of $1000 and for the further sum of $150 for necessary repairs to his ambulance, and for the loss of its use while being repaired.

The Foor Engineering Company filed its answer to the cross-petition of its co-defendant, Bettes in which it denies that it was negligent as charged, but that the accident resulted from the sole negligence of the defendant, Bettes.

A resume of the testimony discloses the following: Ogden E. Utsey, an employee of the defendant, Bettes, was sitting in the back portion of the ambulance with the plaintiff during the trip from Healdton to Oklahoma City. He testified that as the ambulance turned north on Robinson Avenue it was travelling approximately 60 miles per hour. He expressed no opinion as to its speed as it approached the intersection of S. W. 29th Street and Robinson Avenue.

The defendant Bettes testified that the plaintiff requested him on several occasions to hurry up and get to Oklahoma City, as she was suffering great pain; that as he approached S. W. 29th Street and Robinson Avenue he was proceeding at approximately 40 miles per hour and had applied his brakes, had his lights on and was blowing his siren continuously; that as he entered the intersecting streets the signal lights changed from red to green; that the driver of the truck entered the intersection from the west and ran into the ambulance, the right front fender of the truck striking the left front fender of the ambulance.

A witness who was working at an ice plant on the northeast corner of the intersecting streets observed the accident. He testified that he heard a siren blowing and looking south on Robinson Avenue, observed the ambulance approaching in a northerly direction, a distance of two blocks south of the place of the collision; that the traffic generally moved over to the curb in response to the siren's call.

Another witness observing the accident testified he heard the siren and stopped his truck near the intersecting streets where the accident occurred; that he observed the ambulance at a point one and one-half blocks south of the intersecting streets, and that in his judgment it was travelling approximately 30 miles per hour. He stated the ambulance and the truck apparently entered the intersection at the same time. The truck did not appear to slacken its speed.

A city policeman in a patrol car at 29th street and South Central Avenue, a distance of four blocks from the corner of the scene of the accident, testified he heard the siren blowing and thereafter he proceeded to the scene of the accident.

Three witnesses testified that Mr. Utsey testified in a police court hearing that the ambulance was travelling approximately 30 to 35 miles per hour as it proceeded down Robinson Avenue.

The defendant, Cantrell, testified that he did not hear the siren blowing and he did not slow down before entering the intersection, but that he put on his brakes when he saw the ambulance entering the intersection. He stated he looked both to the north and south but did not see the ambulance.

Two separate verdicts were returned by the jury. The defendant Bettes upon his cross-petition against his co-defendants, Foor Engineering Company and D. J. Cantrell, recovered a verdict in the sum of $1000; the plaintiff, Rhoda Gossett, recovered a verdict against the defendants, Foor Engineering Company and D. J. Cantrell in the sum of $10,000. From orders overruling motions for a new trial, the Foor Engineering Company and Cantrell, appealed. No cross-appeal was taken by the plaintiff.

These defendants contend (1) that the release and settlement entered into by plaintiff was final and precludes the plaintiff from maintaining the present action; and (2) that neither the plaintiff nor the defendant Bettes are entitled to recovery against them when the action for damages is considered upon its merits.

The plaintiff testified that prior to the accident here involved, she had been receiving medical treatment for ulcers of the bladder; that on the 21st day of August, 1950, the defendant, Albert F. Bettes, the operator and owner of the Healdton Funeral Home at Healdton, Oklahoma was engaged to take her by ambulance to a hospital in Oklahoma City, Oklahoma; that as the ambulance approached the intersection of 29th Street South with Robinson Avenue in Oklahoma City, the defendants Foor Engineering Company and D. J. Cantrell in the operation of a truck at said intersection collided with the ambulance in which plaintiff was riding, resulting in the injuries complained of; that after the accident she was taken to a hospital where she remained for six weeks and thereafter she was under medical treatment at Ardmore, Oklahoma; that while she was a patient in the Oklahoma City Hospital she suffered great pain and was very nervous. She testified that a representative of the defendants Foor Engineering Company and D. J. Cantrell told her that the company was not liable for the accident resulting in her injuries but that the ambulance driver was solely responsible therefor. Her son, Marian Gossett, was present when the settlement money was paid to her but that he did not advise her to make the settlement or to sign the release. The evidence shows that Sanderson, defendants' agent, requested her son to write in longhand upon the release papers the following: "I have read the above release to my mother, Mrs. Rhoda B. Gossett, and she understands that it settles everything arising from this accident with this Company."

Plaintiff testified that she neither read the release nor was it read to her by her son, Marian, and that she did not recall signing the same. Marian Gossett testified with reference to the release as follows: "Well, he asked me to write something down there, and I wrote it down there because I wanted to, he told me what to write." In response to the following question: "What was your mother's condition at the time she signed those instruments?" he gave the following answer: "Well, she was bawling and crying a lot and nervous and the other condition he didn't know." He further stated that because of his mother's condition he did not read the instrument to her.

The medical testimony discloses that immediately after plaintiff was taken to the hospital that the examination disclosed she had fractures of the 8th, 9th and 11th dorsal vertebrae and fracture involving the spinous processes of the 7th, 9th and 10th dorsal vertebrae, and when she left the hospital six weeks later she was wearing a brace.

In our view, the transaction with reference to the procurement of the release when considered in connection with the plaintiff's physical and mental condition at the time justifies the verdict rendered, especially in view of the fact that no controverting evidence was produced by defendants with reference to the transaction involving the procurement of the release not to sue. The defendant Foor Engineering Company and D. J. Cantrell, requested the court to give its requested Instruction No. 9, which reads as follows:

"In this case, the plaintiff charges that the agreement which she signed not to sue the defendants Foor Engineering Co. and Cantrell was induced by fraud of the defendants. You are instructed that the burden rests upon the plaintiff to prove by clear and convincing evidence that the defendants were guilty of fraud in obtaining said instrument; otherwise the same is binding upon the plaintiff.

"You are instructed to constitute fraud, it must be made to appear by clear and convincing evidence:

"1. That the defendants made a material misrepresentation.

"2. That it was false.

"3. That they made it when they knew it was false or made it recklessly

without any knowledge of its truth and as a positive assertion.

"4. That they made it with the intention that it should be acted upon by plaintiff.

"5. That the plaintiff acted in reliance upon it.

"6. That the plaintiff thereby suffered injury.

"All of these facts must be so proven, and all of them must be found to exist. The absence of any one of them is fatal to plaintiff's claim that the agreement should be set aside."

The court gave this instruction as its Instruction No. 15, in the identical language requested.

■ We are of the view that there is evidence in the record supported by the surrounding circumstances in support of plaintiff's allegation that defendants made a material misrepresentation in that they stated as a positive fact that they were not responsible for the collision of their truck with the ambulance, and the further statement that their co-defendant, Albert F. Bettes, was solely responsible for the accident, and that said representation was false.

■ Defendants Foor Engineering Company and D. J. Cantrell also contend that the question of vacation of the release should have been determined before submission of the case on its merits, citing State Life Ins. Co. of Indianapolis v. Ussery, 180 Okl. 337, 69 P.2d 43. That is no longer an open question in this jurisdiction. In the case of Kennedy v. Raby, 174 Okl. 332, 50 P.2d 716, wherein the facts were very similar to those in the instant case, the same contention was made there and was denied by this court in an opinion which reviewed many other cases on the proposition. The Ussery case, supra, although holding that the evidence was insufficient to establish fraud, cited and recognized the rule in the Kennedy case, supra.

■ When the evidence is reviewed it is seen that the siren on the ambulance was sounded continuously as it approached the intersecting streets where the accident occurred; the drivers of other cars and trucks near said intersection pulled to the curb to give the ambulance the right-of-way; that the siren on the ambulance was heard four blocks away by a policeman taken in connection with the statement of D. J. Cantrell, the driver of the truck, that as he neared the intersection he did not see the ambulance or hear the siren, establishing evidence to support the finding that the representations made by defendants were untrue, and were made with the intention that it should be acted upon by plaintiff. Clearly, the evidence supports the finding that plaintiff relied upon these representations to her detriment. Instruction No. 15 comes clearly within the rule announced in Beatrice Creamery Co. v. Goldman, 175 Okl. 300, 52 P.2d 1033. Defendants further contention that the verdict and judgment thereon is not supported by the evidence cannot be sustained.

■ We have heretofore set forth in narrative form the evidence of witnesses in support of plaintiff's allegation that the defendants Foor Engineering Company and D. J. Cantrell were negligent in the operation of their truck, and that their negligence was the proximate cause of the injuries and damages sustained by plaintiff. That issue was resolved in plaintiff's favor under proper instructions. We have frequently held that the judgment of a court based on a verdict of a jury in a law action will not be set aside by this court if reasonably supported by competent evidence. Woodward Co-Operative Elevator Ass'n v. Johnson, 207 Okl. 217, 248 P.2d 1002; Midland Valley R. Co. v. Lowery, 207 Okl. 227, 248 P.2d 1042.

The judgment in favor of the plaintiff against the Foor Engineering Company and D. J. Cantrell is affirmed. The judgment in favor of the cross-petitioner Albert F. Bettes against the Foor Engineering Company and D. J. Cantrell is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.

ARNOLD, J., concurs in result.